### FRANCISCO v. BOARD OF DENTAL EXAMINERS et al.

### No. 9127.

Court of Civil Appeals of Texas. Austin.

March 5, 1941.

Rehearing Denied March 19, 1941.

Clyde Vinson and Hughes, Hardeman & Wilson, all of San Angelo, for appellant.

Gerald C. Mann, Atty. Gen., and Walter R. Koch, and Zollie C. Steakley, Asst. Attys. Gen., for appellee.

McCLENDON, Chief Justice.

Suit by Dr. Winn O. Francisco against the Texas State Board of Dental Examiners and its members to require defendants to reinstate plaintiff as a practicing dentist and to cancel an order of the Board which revoked his license on the ground that he had been convicted of forgery in the State of Oklahoma. The appeal is from an interlocutory order denying plaintiff a mandatory temporary injunction reinstating his license pending trial upon the merits of the case.

The order revoking the license was regularly passed without notice under the provision of R.C.S. Art. 4549, as amended in 1935, Acts 44th Leg. p. 606, Ch. 244, § 6, Vernon's Ann.Civ.St. art. 4549, authorizing the Board to revoke a license upon "proof of conviction of the applicant or holder of a license for a felony involving moral turpitude."

The provision is attacked as unconstitutional in that it fails to provide for: (a) notice; (b) hearing; (c) court review; (d) appeal to any court; (e) trial by jury;

and (f) "notice and hearing before an impartial board or court, and right of appeal and review."

The salient provisions of the Article are these:

"The State Board of Dental Examiners shall have authority to suspend or revoke a dental license for any one or more of the following causes:

"a. Proof of insanity of the applicant or holder of a license, as adjudged by the regularly constituted authorities.

"b. Proof of conviction of the applicant or holder of a license for a felony involving moral turpitude.

"The District Courts of the State shall have the authority, after a proper hearing, to revoke or suspend any dental license issued in the State of Texas for any one or more of the following causes:"

Then follow seven separate grounds for which the district court may suspend or revoke a license.

"Proceedings to suspend or revoke a dental license on account of any one or more of the causes set forth in the preceding Article shall be taken as follows:

"a. Where the cause involves a criminal conviction or a conviction of insanity in some court of competent jurisdiction, the receipt by the Board of a certified copy of the records of the Court of Conviction showing a final conviction shall be sufficient evidence to justify and require such revocation by the State Board of Dental Examiners."

Then follows a subdivision which provides for trial in the district court, where the grounds are other than in the preceding subdivision a. This subdivision provides for trial as in other civil cases including trial by jury.

In a former opinion we held that the language, conviction of a "felony involving moral turpitude," meant conviction of such felony under the laws of this state. This was predicated in the main upon the fact that in the same chapter of the statutes, Art. 4545a, Vernon's Ann.Civ.St. art. 4545a, relating to "Reciprocal arrangements" the applicant is required to make affidavit (inter alia) "that no prosecution was then, or is at the time of the application, pending against the applicant, in any State or Federal court for any offense which under the laws of Texas is a felony."

A re-examination of this question in the light of authorities cited in appellees' motion for rehearing, especially the case of State v. Estes, 130 Tex. 425, 109 S. W.2d 167, leads us to conclude that we were in error in this holding. While that case arose under Art. 311, Vernon's Ann. Civ.St. Art. 311, relating to revocation of attorneys' licenses, the reasoning of the opinion is, we believe, conclusive of this issue. We therefore withdraw our former opinion as it would no longer serve any useful purpose.

Under this view, the above constitutional questions, which we did not decide in our former opinion, become controlling in the appeal.

It is to be observed that in the first quoted provision the Board is given authority to "suspend or revoke" a license; whereas in subdivision a of the second quoted provision under "Proceedings to suspend or revoke" a license, "the receipt by the Board of a certified copy of the records of the Court of Conviction showing a final conviction shall be sufficient evidence to justify and *require such revocation* by the * * * Board." (Italics supplied.) There is therefore manifest an irreconcilable conflict in the two provisions; the first vesting in the Board a discretion to suspend or revoke, the latter making revocation mandatory under the same circumstances. There are cogent reasons supporting a resolution of this conflict in favor of the mandatory language of subdivision a in the second quotation, and for our present purposes we will consider the question from that viewpoint.

The general principles which govern the question presented are well settled by adjudications in this state and, at least by the weight of decision in other jurisdictions. An extended review will not be necessary. Only the general effect of the decisions will be stated with such supporting authority as is deemed essential.

It is of course well settled that the practice of dentistry, relating as it does to the public health, is subject to governmental control. The state therefore has the power to prescribe reasonable regulations for the granting of licenses to practice dentistry, and may delegate to an administrative board or agency the authority to pass upon the qualifications of applicants and to grant or refuse licenses. Likewise the state may, for cause, revoke

such licenses, and may also delegate that function to such board or agency.

■ On the other hand, the practice of dentistry is a lawful profession, and has the same status as any other lawful profession or occupation, in the respect that the right or privilege to engage in it, once it is lawfully acquired, is a right or privilege protected by the due process clauses of the state and federal constitutions. Vernon's Ann.St.Const. art. 1, § 19; U.S.C.A.Const. amend. 14. Sherman v. State Board of Dental Examiners, Tex.Civ.App., 116 S.W. 2d 843, error refused.

As was said in Waller v. State, Tex.Civ. App., 68 S.W.2d 601, 605, error refused: "The right to practice a profession has been called a property right, but it is more. To obtain a license and proficiency requires the expenditure of money and years of preparation, attended by toil and self-denial. Such right is the capital stock of its possessor from which dividends are expected sufficient to protect him from the infirmity of old age, and to provide his family with the comforts of life. There is moreover a prestige and good name and should be a pride attached to the practice of an honorable profession superior to any material possessions. To cancel a professional license is to take the entire capital stock of its possessor and to leave him in most instances the equivalent of a. bankrupt. But it does much more than this; it takes from him his professional standing and in a manner whatever good·name he has, which leaves him 'poor indeed.' "

■ It is generally conceded that due process includes reasonable notice and the right to be heard. 9 Tex.Jur. p. 574. And this is true whether the tribunal exercising jurisdiction over rights or privileges protected by the due process clause, be a judicial, legislative, executive, or administrative one. "The requirements of due process of law extend to every case of the exercise of governmental power." 12 Am. Jur. p. 283, § 586.

■ The following from 12 Am.Jur. p. 307, § 612: "The rule that a hearing before judgment or order is not necessary to due process is especially applicable to proceedings before commissioners and boards, such as public utility commissioners, banking superintendents, etc. There is no violation of due process if provision is made for a trial de novo before a court of the issues passed upon by such a commission, for a judicial review of the order, even a review by mandamus, provision for suspending or setting aside the order, for a hearing before the order is put into effect, or for a rehearing upon application."

■ However, even where judicial review of an administrative agency's order is accorded, if no stay of the effect of such order is provided, and if, meanwhile, irreparable injury would result, subjecting the party affected by the order to criminal prosecution for its violation, due process. is not satisfied. Pacific T. & T. Co. v. Kuykendall, 265 U.S. 196, 44 S.Ct. 553, 68 L.Ed. 975; Porter v. Investors' Syndicate, 286 U.S. 461, 52 S.Ct. 617, 76 L.Ed. 1226.

■ Tested by these rules, the procedure provided for the revocation of licenses under the provisions of the statute in question clearly does violence to the invoked constitutional guarantees of due· process. No character of notice, hearing or review of the order of revocation is provided. The order operates instanter, and the licensee is at once deprived of the right lawfully to practice his profession.

It may be argued that the state had the right to provide that the license should be forfeited, ipso facto, upon conviction of a felony involving moral turpitude, and since, the Board is not vested with any discretionary powers in the matter, notice and hearing would perform no useful purpose. The complete. answer to this view, if it be otherwise sound, lies in the fact that the· legislature has not provided for an automatic revocation of the license, but requires an order of the Board. Until such order of revocation is passed by the Board the license remains in effect. Before the Board can intelligently or properly act. there are a number of matters it must ascertain. First among these is the identity of the licensee with the defendant in the judgment of conviction. If the conviction be in another jurisdiction, then there are several matters to be ascertained with reference to the law of such jurisdiction. Among these would be the jurisdiction of the convicting court, the sufficiency of the· certified record to show a final conviction in the jurisdiction, the nature of the crime under the law of such jurisdiction with relation to whether it be properly classified. as of the grade of felony and whether it is of such character as to involve moral turpitude. These are matters as to which, we believe the licensee is entitled to a hear-- ing before his license to practice is revoked. Procedure authorizing its sum--

mary revocation without such right of notice and hearing constitutes, we believe, a denial of due process under both state and federal constitutions.

Our former judgment reversing the order appealed from and remanding the cause to the trial court with instructions to grant appellant temporary injunctive relief as prayed for in his petition in that court, is left undisturbed, and the motion for rehearing is overruled.

Reversed and remanded with instructions.

Motion overruled.