

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~XXXXXXWILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Texas State Board of Pharmacy
Insurance Building
Dallas, Texas

Attention: Mr. W. H. Cousins, Secretary

Gentlemen:

Opinion No. O-3544
Re: Proof required for Texas State
Board of Pharmacy to revoke a
pharmacist's license where he has
been convicted of a felony.

Your written request addressed to this department for an opinion has been received and considered. We quote from your request:

"Will you please inform us if it is legal for the Texas Board of Pharmacy to take revocatory action on certificates, as stated in Section 12 of the Texas Pharmacy Law, when a statement of conviction has been furnished by letter by the Texas Liquor Control Board and also by the United States Bureau of Narcotics, or shall we proceed to get a copy of the indictment from the court where the conviction is rendered?"

Section 12 of Article 4542-a, Vernon's Civil Statutes of Texas, provides as follows:

"The registration of any pharmacist shall be revoked by the Board after the registrant has been <u>convicted of having violated any of the provisions of this law</u>, or shall have been <u>convicted of a felony</u>, or shall have been <u>convicted of drunkenness</u>, or <u>of any offense, in either State or Federal Court, involving the illegal use, sale or transportation of intoxicating liquor, or narcotic drugs</u>. Revocation of registration shall only be after ten (10) day's notice and a full hearing. Any person feeling himself aggrieved on account of the action of the Board may institute proceedings in the District Court of Travis County, Texas,

for the purpose of having the license reinstated." (Underscoring ours)

We do not believe a letter or statement from either the Texas Liquor Control Board nor the United States Bureau of Narcotics has any sufficient legal standing to afford the Texas State Board of Pharmacy any proper basis upon which it can take revocatory action of a pharmacist's certificate of registration under the provisions of the Statute quoted above.

We believe the proper evidence of a "conviction," as contemplated in Section 12, supra, is a certified copy of the final judgment of conviction issued by the clerk of the proper court. For the same reasons given in our Opinions No. 0-1824, 0-1894, and 0-2359, we believe the Legislature intended for the "conviction," referred to in Section 12 of Article 4542-a, to be a "final conviction." We are enclosing copies of the opinions referred to for your consideration. Other essential requisites required to properly proceed upon a revocation hearing are given in the case of Texas State Board of Dental Examiners, et al v. Dr. Winn O. Francisco, (Civ. App.) 149 S.W. (2d) 619, (writ of error refused), construing a similar statute, from which we quote:

"Before the Board can intelligently or properly act there are a number of matters it must ascertain. First among these is the identity of the licensee with the defendant in the judgment of conviction. If the conviction be in another jurisdiction, then there are several matters to be ascertained with reference to the law of such jurisdiction. Among these would be the jurisdiction of the convicting court, the sufficiency of the certified record to show a final conviction in the jurisdiction, the nature of the crime under the law of such jurisdiction with relation to whether it is properly classified as of the grade of felony and whether it is of such character as to involve moral turpitude. These are matters as to which we believe the licensee is entitled to a hearing before his license to practice is revoked." (Underscoring ours)

If the licensee has been finally convicted in a State Court of any of the offenses named or referred to in Section 12 of Article 4542-a, supra, upon a hearing before the Board to cancel his registration, a certified copy of the judgment, if the conviction is for a misdemeanor, or, if the conviction

is for a felony, a certified copy of the sentence should be introduced in evidence before the Board and then evidence must be heard to establish the fact that the person so convicted was the licensee whose case is then before the Board. This fact must be established by some witness who knows that fact. If he has been convicted in a Federal Court the same proof must be made. If he has been convicted in another state, the same proof must be made, and, in addition thereto the proof set out in the foregoing quotation taken from the Francisco Case.

It must be further remembered that a "final conviction" is one, other than where a suspended sentence was granted, where no appeal was taken, or, if appealed the case was affirmed. In other words, in all instances where the case has been finally disposed and the defendant required to suffer the penalty imposed.

We trust that in this manner we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Harold McCracken
   Harold McCracken
   Assistant

HM:ej:wc


APPROVED JUN 6, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman