**INDUSTRIAL ACCIDENT BOARD,**
**Appellant,**

v.

**E. H. O'DOWD et al., Appellees.**

No. 10365.

Court of Civil Appeals of Texas.

Austin.

Jan. 30, 1957.

Rehearing Denied Feb. 20, 1957.

John Ben Shepperd, Atty. Gen., Burnell Waldrep, John Reeves, Asst. Atty. Gen., for appellant.

Richard Critz, F. L. Kuykendall, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from an order of the 126th District Court granting a temporary injunction restraining the appellant from enforcing its order dated May 20, 1955, barring appellees from practicing before this Board for a period of three years, "because of unethical and fraudulent conduct in connection with * * * claims and cases before this Board."

Pursuant to notice and hearing appellant barred appellees from practicing before such administrative agency for a period of three years under the authority of Section 4 of Article 8307, Revised Civil Statutes of Texas 1925, as amended Vernon's Ann.Civ.St. art. 8307, § 4. This order was predicated upon a finding by the administrative body that appellees were guilty of unethical and fraudulent conduct before the Board. This was predicated upon certain factual information wherein it was shown that appellees (1) filed solicited claims, (2) filed unauthorized claims, (3) filed false claims, (4) filed fictitious claims, and (5) filed false instruments in claims and cases pending before the Industrial Accident Board.

The trial court entered a temporary injunction order finding "that the Industrial Accident Board was without legal power and authority to enter the order involved herein" and that the plaintiffs will suffer irreparable damage.

The sufficiency of the evidence to support the Board's finding has not been ques-

tioned, and it was stipulated that the factual information referred to in defendant's Answer upon which the Board's order was predicated may be considered as evidence before the Court. Appellees did not appeal from the order of the Board, but rather brought an injunction suit questioning the legal power and authority of the Board to enter its order.

The appellees in their pleading, evidence, trial brief and oral argument questioned (1) the constitutionality of Section 4 of Article 8307, (2) whether such provisions had been repealed, and (3) whether the Board had authority to act. Appellant contended that (1) the trial court was without jurisdiction, (2) that Section 4 of Article 8307 was constitutional, (3) that it had not been repealed, and (4) that the Board had the authority under such provisions to enter its order involved.

The appeal is before this Court on two points of error:

"No. 1. The Court erred in assuming jurisdiction of this action for the reason that an adequate remedy at law is available to appellees.

"No. 2. The Court erred in holding that the Industrial Accident Board was without legal power and authority to enter its order for the reason that Section 4 of Article 8307 expressly grants such power and authority."

Appellant contends that it was error for the trial court not to sustain its special exceptions, because the court was without jurisdiction to issue the temporary injunction and because no facts were alleged to show that the Board's order was not reasonably supported by substantial evidence.

Section 4 of Article 8307, V.A.C.S., provides for rule making power, and

"Process and procedure shall be as summary as may be under this law. The Board or any member thereof shall have the power to subpoena witnesses, administer oaths, inquire into matters of fact, examine such parts of the books and records of the parties to a proceeding as relate to questions in dispute, punish for contempt in the same manner and to the same extent as a District Court may do, and to bar persons guilty of unethical or fraudulent conduct from practicing before the Board. All rulings and decisions of the board relating to disputed claims shall be upon questions of fact and in accord with the provisions of this law."

The order of the Board is addressed to the appellees and in part is as follows:

"On May 16, 1955, after due notice to E. H. O'Dowd and M. M. O'Dowd of Waco, Texas, came said E. H. O'Dowd and M. M. O'Dowd in a hearing before the Industrial Accident Board to show cause as to why they should not be barred from practicing before this Board because of alleged fraudulent and unethical conduct under the provisions of Article 8307, Sec. #4, R.C.S. of Texas; and the Board finds and orders as follows:

"1. The Board finds that E. H. O'Dowd and M. M. O'Dowd are guilty of unethical conduct before this Board in the following cases: * * * (A list of such cases is given, but we do not think it necessary to include the cases.)

"4. The Board orders that because of such unethical and fraudulent conduct in connection with said claims and cases before this Board, effective this date, May 20, 1955, the said E. H. O'Dowd and M. M. O'Dowd of Waco, Texas, are barred from practicing before this Board for a period of three years."

We are convinced that the Board cannot disbar an attorney as such. The Board is an administrative body created by statute and depends upon law for its authority.

The statute creating the Board has not restricted practice before the agency to licensed attorneys and it is common occurrence for laymen to appear and present claims before the Board.

The principal attack is directed to the unconstitutionality of the section of the Act, on the ground that it does not provide for notice and hearing. Appellees cite the case of Francisco v. Board of Dental Examiners, 149 S.W.2d 619, er ref. by this Court.

In the Francisco case there was involved the validity of a statute attempting to confer upon the State Board of Dental Examiners the authority to suspend or revoke a dental license upon certain grounds, and the Court held that the statute (article 4549) to be unconstitutional for failure to provide for notice and hearing so as to meet the due process under both State and Federal Constitutions, and the Court cited many cases as well as the provisions of the State and Federal Constitutions and no useful purpose could be had by a recitation thereof.

It is to be noted that the Legislature amended article 4549, Acts 1951, 52nd Legislature.

In Coe v. Armour Fertilizer Works, 237 U.S. 413, 35 S.Ct. 625, 629, 59 L.Ed. 1027, it was held that:

"Nor can extra-official or casual notice, or a hearing granted as a matter of favor or discretion, be deemed a substantial substitute for the due process of law that the Constitution requires."

In view of the prior holdings of the Court we believe that Section 4 of Article 8307 for failure to provide for notice and hearing violates the due process clauses of Article I, Section 19 of the Texas Constitution, Vernon's Ann.St., and the Fourteenth Amendment to the United States Constitution.

The judgment of the trial court granting the temporary injunction is affirmed.