INDUSTRIAL ACCIDENT BOARD v. E. H. O'DOWD ET AL.

No. A-6264. Decided June 12, 1957.
Rehearing overruled July 17, 1957.
(303 S.W. 2d Series 763.)

*Will Wilson,* Attorney General, *John H. Minton, Jr.,* and *John Reeves,* Assistants Attorney General, for petitioner.

*Richard Critz and F. L. Kuykendall,* both of Austin, for respondents.

MR. JUSTICE NORVELL delivered the opinion of the Court.

The Court of Civil Appeals held on authority of Francisco v. Board of Dental Examiners, Texas Civ. App., 149 S.W. 2d

619, wr. ref., that that portion of Article 8307, Sec. 4, Vernon's Ann. Texas Stats. purporting to authorize the barring of persons guilty of unethical or fraudulent conduct from practicing before the Industrial Accident Board was unconstitutional and void for failure to provide for notice and hearing as required by the due process clauses of the state and federal constitutions. Article 1, Sec. 19, Texas Constitution, Fourteenth Amendment to the Constitution of the United States. See, Industrial Accident Board v. O'Dowd, Texas Civ. App., 298 S.W. 2d 657.

■ Being of the tentative opinion (which has since been confirmed) that the Francisco case does not control this appeal, we granted the writ of error. In their reply to the application for the writ, respondents say that the opinion of the Court of Civil Appeals does not discuss all the grounds urged by them in support of the trial court's order enjoining the Board from enforcing its suspension order. Under the view taken by the Court of Civil Appeals, a discussion of additional bases to support its decision was patently unnecessary. However, being of the opinion that the order cannot be supported upon the grounds considered by the Court of Civil Appeals it becomes our duty to examine all contentions properly brought forward by respondents as the prevailing parties in the Court of Civil Appeals which they say would support the trial court's judgment. Vanover v. Henwood, 136 Texas 348, 150 S.W. 2d 785.

We shall first consider the holding of the Court of Civil Appeals. That portion of Article 8307, Sec. 4 now under attack reads as follows:

"Process and procedure shall be as summary as may be under this law. The Board or any member thereof shall have the power to subpoena witnesses, administer oaths, inquire into matters of fact, examine such parts of the books and records of the parties to a proceeding as related to questions in dispute, punish for contempt in the same manner and to the same extent as a District Court may do, and to bar persons guilty of unethical or fraudulent conduct from practicing before the Board. All rulings and decisions of the board relating to disputed claims shall be upon questions of fact and in accord with the provisions of this law."

The Court of Civil Appeals has held that this statutory provision is invalid because of a failure to provide for a notice of hearing as required by the due process clauses of the state and federal constitutions.

The essential facts may be briefly stated. Respondents E. H. O'Dowd and M. M. O'Dowd are practicing attorneys residing in Waco, McLennan County, Texas. On April 30, 1955 the Board notified respondents that on May 16, 1955 a hearing would be held pursuant to complaints received as to their alleged unethical and fraudulent conduct in connection with workmen's compensation cases before the Industrial Accident Board. Such hearing was held on the date set and on May 20, 1955 the Board entered an order finding respondents guilty of unethical conduct in seven cases and guilty of fraudulent conduct in fourteen cases pending before the Board and suspended them from practicing before the Board for a period of three years from and after May 20, 1955.

The trial court by temporary injunction restrained the Board from enforcing this order and this action was affirmed by the Court of Civil Appeals.

It seems that under the statute it is contemplated that a hearing be had before action is taken. We have provisions relating to process and procedure, the subpoenaing of witnesses, inquiries into facts and the like, all of which are pertinent to a hearing or examination. The statute does not explicitly provide for a notice of hearing. Does this render the statute void?

To our minds, Francisco v. Board of Dental Examiners, Texas Civ. App., 149 S.W. 2d 619, wr. ref. does not reach the point. There the statute provided that the Board of Dental Examiners should revoke a dental license upon receipt of a certified copy of the record showing that a licensee had been convicted of insanity or a felony involving moral turpitude. There was no requirement for a hearing and hence none for notice. In fact the statutory direction to the Board was to proceed without hearing and without notice. As pointed out by the Court, "the order operates instanter, and the licensee is at once deprived of the right lawfully to practice his profession."

There is language in Stuart v. Palmer, 74 N.Y. 183, 30 Am. Rep. 289[1] decided in 1878 which lends some support to the proposition that a statute of the species now before us must con-

---

[1] Stuart v. Palmer is quoted with approval by the Supreme Court of the United States in Coe v. Armour Fertilizer Works, 237 U.S. 413, 35 Sup. Ct. 625, 59 L. ed. 1027. For a later pronouncement by the United States Supreme Court, see American Power and Light Co. v. Securities and Exchange Commission, 329 U.S. 90, 67 Sup. Ct. 133, 91 L. ed. 103, discussed infra. It seems that an explicit provision for notice is not now insisted upon by the New York courts. People v. Branham, 291 N.Y. 312, 52 N.E. 2d 881; Hecht v. Monaghan, 307 N.Y. 461, 121 N.E. 2d 421.

tain an express provision for notice otherwise it will be held invalid, viz: "It is not enough that the owners may by chance have notice, or that they may as a matter of favor have a hearing. *The law must require notice to them* and give them a right to a hearing and an opportunity to be heard." A holding that a statute must expressly provide for notice or it is invalid is patently unsound. It is a common thing for a court to recognize and enforce implied or implicit clauses in both statutes and contracts. To hold that implied provision could not be afforded validity when a constitutional due process clause is involved would be to reverse the general rule of construction that a statute must be construed so that it will be constitutional and hence valid if the language thereof is reasonably susceptible to such construction.

Obviously if the explicit provisions of a statute direct an administrative board to proceed without notice in contravention of the constitutional due process requirements (as in the Francisco case) there would be no room for a presumption that the Legislature intended that a notice be given. However, on the other hand, we must assume that the Legislature intended to enact a valid law, and in the absence of express language to the contrary, intended that the administrative board should proceed in accordance with constitutional requirements. The Board here construed the statute as requiring notice and notice was actually given. Under these circumstances the following language from American Power and Light Company v. Securities and Exchange Commission, 329 U.S. 90, 67 Sup. Ct. 133, 91 L. ed. 103 seems applicable:

"That the statute does not expressly insist upon what in fact has been given the security holders is without constitutional relevance under these circumstances. Wherever possible, statutes must be interpreted in accordance with constitutional principles. Here, in the absence of definite contrary indications, it is fair to assume that Congress desired that Sec. 11 (b) (2) be lawfully executed by giving appropriate notice and opportunity for hearing to all those constitutionally entitled thereto. And when that assumption is added to the provisions of Sec. 19, it becomes quite evident that the Commission is bound under the statute to give notice and opportunity for hearing to consumers, investors and other persons whenever constitutionally necessary. See, *The Japanese Immigrant Case* [Yamataya v. Fisher] 189 U.S. 86, 100-101." [47 L. ed. 721, 725, 726, 23 Sup. Ct. 611. ["

■ Another statement of the prevailing rule upon the subject is found in Caughman v. Columbia, Newberry & Laurens Ry. Co., 82 Sup. Ct. 418, 64 S.E. 240, 242 viz:

"A statute is invalid which requires something to be done which is forbidden by the Constitution, but it cannot be essential to the validity of a statute that it should enjoin obedience to the Constitution. The great weight of authority is to the effect that while notice of a special burden or duty which a board such as this proposes to impose must be extended, and an opportunity to be heard on the rightfulness of the exactions must be given, it is not necessary that the statute under which the board acts should expressly provide notice."

Likewise in McManus v. Industrial Commission, 53 Ariz. 22, 85 Pac. 2d 54, the Supreme Court of Arizona said:
"It is, * * * true that notice and opportunity to defend must be a matter of right and not a matter of grace, but we think that such right may be implied from the terms of a statute without being expressly and explicitly set forth in detail therein. * * * We think that when the word 'hearing' is used in a statute which attempts to confer jurisdiction to determine whether the property of one person shall be taken and given to another, it necessarily implies, as a matter of law, that the hearing shall be one of which reasonable notice is given to the parties and at which they have an opportunity to appear and present any defense which they may have against such taking, and that any proceeding which does not comply with these two conditions is not a 'hearing' within the meaning of the law, and any order made in pursuance of such proceeding is void for lack of jurisdiction. This general principle of implied notice has been upheld in a number of cases where the statute was not as explicit in regard to the necessity of a hearing of some kind as is the law under consideration at the present time."

See also, Kennard v. State of Louisiana, ex rel Morgan, 92 U.S. 480, 23 L. ed. 478; Cincinnati, New Orleans & Texas Pacific R.R. Co. v. Commonwealth of Kentucky (Kentucky Railroad Tax Cases) 115 U.S. 321, 6 Sup. Ct. 57, 29 L. ed. 414; Shealey v. Seaboard Air Line Ry. Co., 131 Sup. Ct. 144, 126 S.E. 622; Smith v. State Board of Medical Examiners, 140 Iowa 66, 117 N.W. 1116; Hecht v. Monaghan, 307 N.Y. 461, 121 N.E. 2d 421; Tatlow v. Bacon, 101 Kan. 26, 165 Pac. 835; 14 A.L.R. 269; Robitzsch v. State, 189 Ga. 637, 7 S.E. 2d 387.

Respondents say that although we might disagree with the

holding of the Court of Civil Appeals the order of the trial court should nevertheless be affirmed because:

(1) The Industrial Accident Board cannot prohibit an attorney at law from practicing before it.

(2) The statute is invalid because it fails to provide (a) for judicial review, (b) contains no proper definition of unethical or fraudulent conduct.

(3) The trial court did not abuse its discretion in weighing the equities of the case and thereupon granting the temporary injunction.

The statute does not specifically deal with attorneys at law. It provides that the Board may "bar persons guilty of unethical or fraudulent conduct from practicing before the Board." In our opinion the power of the Legislature to thus authorize an administrative body or branch of the executive department of government to control its operations and require ethical and good faith practice from those appearing before it cannot be gainsaid. Goldsmith v. United States Board of Tax Appeals, 270 U.S. 117, 46 Sup. Ct. 215, 70 L. ed. 494. The order before us is not a general disbarment of an attorney at law and hence not subject to the provisions of the State Bar Act, Article 320a-1, Vernon's Ann. Texas Stats. The statutory prohibition against a general disbarment without a jury trial contained in 320a-1, Section 5 has no application to the present proceedings.

■ The right to practice before an administrative board when once granted is admittedly a valuable right and entitled to protection under the due process clauses of the state and federal constitutions. In Francisco v. Board of Dental Examiners, Texas Civ. App., 149 S.W. 2d 619, wr. ref., the Court quoted with approval the following from Waller v. State, Texas Civ. App., 68 S.W. 2d 601, wr. ref., viz:

"The right to practice a profession has been called a property right, but it is more. To obtain a license and proficiency requires the expenditure of money and years of preparation, attended by toil and self-denial. Such right is the capital stock of its possessor from which dividends are expected sufficient to protect him from the infirmity of old age, and to provide his family with the comforts of life. There is moreover a prestige and good name and should be a pride attached to the practice of an honorable profession superior to any material possessions.

To cancel a professional license is to take the entire capital stock of its possessor and to leave him in most instances the equivalent of a bankrupt. But it does much more than this; it takes from him his professional standing and in a manner whatever good name he has, which leaves him 'poor indeed.' "

■ This being true, the rule of Fire Department of City of Fort Worth v. City of Fort Worth, 147 Texas 505, 217 S.W. 2d 664, is applicable. In the cited case, this Court said:

"It is generally recognized that even without express statutory authorization the orders entered by an administrative body pursuant to legislative sanction are subject to judicial review. English Freight Co. v. Knox, Texas Civ. App., 180 S.W. 2d 633, error refused. The exercise of this jurisdiction by the courts is not in derogation of the separation of powers among the three branches of government but, on the contrary, is calculated directly to uphold and preserve that principle. Denison v. State, Texas Civ. App., 61 S.W. 2d 1017, error refused, 122 Texas 459, 61 S.W. 2d 1022. * * *

"* * * An administrative agency, though vested with discretion in its acts, must not exercise its powers arbitrarily or capriciously, and the reasonableness of its orders is, and under our system of government must be, subject to judicial review. Reagan v. Farmers' Loan & Trust Co., supra; [154 U.S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014,] Brown v. Humble Oil & Refining Co., supra. [126 Texas 296, 83 S.W. 2d 935, 87 S.W. 2d 1069, 99 A.L.R. 1107, 101 A.L.R. 1393.] The extent of such a review has been rather generally held to be limited to an ascertainment of whether there was substantial evidence reasonably sufficient to support the challenged order. Shupee v. Railroad Commission, supra; [123 Texas 521, 73 S.W. 2d 505;] Bradley v. Texas Liquor Control Board, supra; [Texas Civ. App. 108 S.W. 2d 300;] Trapp v. Shell Oil Co., 145 Texas 323, 198 S.W. 2d 424. * * *."

See also White v. Bolner, Texas Civ. App., 223 S.W. 2d 686, wr. ref., following Fire Department of City of Fort Worth v. City of Fort Worth; and, City of Amarillo v. Hancock, 150 Texas 231, 239 S.W. 2d 788 in which White v. Bolner is discussed and approved.

■ While it is settled that the question of whether an administrative order is reasonably supported by substantial evidence cannot be determined upon a hearing for a temporary injunc-

tion, Tranport Company of Texas v. Robertson Transports, 152 Texas 551, 261 S.W. 2d 549, respondents are undoubtedly entitled to litigate such issue upon the merits. We accordingly overrule their contention that the statute is void because it contains no express provision for a judicial review of the Board's order.

As bearing upon the contentions that the statute or the present proceedings under it are invalid because of the indefinite meaning of the terms unethical or fraudulent conduct, the record is not as complete as might be desired.

The same situation exists when an attempt is made to weigh the equities in order to determine whether a temporary injunction should issue to preserve the status quo until a final judgment can be rendered. It seems that the parties in the trial court desired to present primarily the question of "notice" as affecting the validity of the statute. The allegations of the petition filed by respondents as plaintiffs were traversed fully by the verified answer of the Industrial Accident Board. For the purposes of this particular hearing only it was stipulated that "the testimony referred to in * * * (the Board's answer) as that factual information upon which the Board's order was predicated might also be considered by the Court in the trial upon the application for temporary injunction."

From the record, we cannot ascertain the method of procedure employed by the Board. Its order of suspension purports to find respondents guilty of seven acts of "unethical conduct" and fourteen acts of "fraudulent conduct" thus indicating that the Board construes the statute as prescribing two classes of offenses for which a suspension may be ordered. Unethical conduct is a somewhat indefinite term and generally has reference to certain prescribed standards or rules of behavior adopted by a profession itself or some other proper authority. From the record we are unable to ascertain if the Board has adopted any such rules or canons. The word "fraudulent," however, is said to possess a well known signification, 37 C.J.S. 835, and the term "fraudulent conduct" on the part of an attorney at law has been defined as "an act, omission or concealment done, made or effected as an attorney with a purpose, design or intent to carry out fraud or wrong." Rowland v. State, Texas Civ. App., 55 S.W. 2d 133. In view of a prospective trial upon the merits and the restrictions placed upon the use of the stipulation before us, we comemnt no further than to say that if the "factual information" contained in the Board's answer and referred to in the

trial stipulation be accepted as testimony, it supports a charge of fraudulent conduct. It follows that respondent's attack upon the Board's order charging indefiniteness of accusation or lack of proof necessarily fails.

As above indicated, the pleadings and stipulations afford no basis for the issuance of a temporary injunction on the theory that the better equity requires such action to maintain the status quo or prevent serious injury to respondents pending a trial upon the merits. Under the stipulation of the parties, the only "evidence" which the trial judge was authorized to consider consisted of the factual allegations contained in the Board's answer. As might be supposed, this "evidence" was all one way and wholly failed to disclose that respondents had a probable right or were threatened with a probable injury which would justify equitable intervention. Upon the record made in the trial court, our holding that the statute is valid effectually destroys the preliminary injunction.

The judgments of the District Court and the Court of Civil Appeals are both reversed and judgment here rendered vacating the temporary injunction.

Opinion delivered June 12, 1957.

Rehearing overruled July 17, 1957.