**William H. ESCHRICH, Appellant,**

v.

**John Wesley WILLIAMSON et ux., Appellees.**

**No. 7313.**

Court of Civil Appeals of Texas, Beaumont.

Jan. 13, 1972.

Rehearing Denied Jan. 27, 1972.

Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellant.

Burt Barr, Dallas, for appellees.

DIES, Chief Justice.

Sandra Williamson, the natural mother of William Kevin Eschrich, a minor, filed a petition on April 29, 1971, to change the minor's name to Williamson, the name of her second husband. The petition was filed in the 162nd Judicial District Court of Dallas County. The petition was granted on April 30, 1971, and from this judgment the minor's natural father, William H. Eschrich, Jr., has appealed. Appellant states in his brief—and since it is not denied by appellees we may take it as true under Rule 419, Texas Rules of Civil Procedure—that on April 26, 1971, there was a trial in the Juvenile Court of Dallas County in which Sandra Williamson and her husband sought to have the minor adopted by her second husband, Williamson. Appellant further states in its brief—not denied by appellees—that on April 27, 1971, this petition for adoption was denied.

The judgment changing the minor's name was obtained without notice to his natural father, appellant.

Art. 5929, Vernon's Ann.Civ.St., provides:

"Whenever it shall be to the interest of any minor to change his name, the guardian or next friend of said minor shall file his application in the district court of the county of said minor's residence, alleging the reason for the change

and giving the full name which the minor wishes to adopt. The judge of said court, if the facts alleged and proven satisfy him that such change will be for the benefit and interest of the minor shall grant authority to change his original name and adopt another."

Appellant complains as follows:

"The trial court erred in entering judgment in the case without notice to the father because this amounted to a denial of procedural due process, in violation of the Fourteenth Amendment to the United States Constitution, and Section 19, Art. 1, of the Constitution of Texas."

Art. 1, Sec. 19, of the Texas Constitution, Vernon's Ann.St., provides as follows:

"No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

This has been included in all of the Texas Constitutions.

"Such rights as are held to be protected by that part of the fourteenth amendment to the constitution of the United States to which we have referred, are as fully protected by the nineteenth section of article 1 of the constitution of this state." Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249, 252 (1887).

In Duke v. State of Texas, 327 F.Supp. 1218 (E.D.Tex.1971), the court held unconstitutional an ex parte restraining order prohibiting off-campus speakers at a scheduled rally. At page 1225, the court said:

"At this point in history, there can be no doubt that the Fourteenth Amendment made applicable to the States the full panoply of First Amendment guarantees. [citing authorities omitted]"

And on page 1231 observed:

"Indeed, the judgment of the State district court recites that the judge has not given any consideration to the constitutional questions raised. It is critical to the vitality of our federalism that State court judges, as well as the national government's judiciary, are obligated to apply the Constitution to the facts and the law in the cases before them. Article 6, Clause 2, Constitution of the United States. The failure and refusal of the State district judge to rule on the constitutional issues, which were squarely presented to him, presents an abuse of judicial discretion of such magnitude as to amount to a denial of the most fundamental element of the Due Process Clause of the Fourteenth Amendment—the right to a full and fair hearing—and to a denial of the equal protection of the laws."

Mr. Justice Harlan, dissenting in Re Gault, 387 U.S. 1, 81, 87 S.Ct. 1428, 1471, 18 L.Ed.2d 527, 576 (1967), expressed the thought in this manner:

"Similarly, due process clearly requires timely notice of the purpose and scope of any proceedings affecting the relationship of parent and child. Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62."

In Industrial Accident Board v. O'Dowd, 157 Tex. 432, 303 S.W.2d 763 (1957), after notice of hearing, the Industrial Accident Board disbarred O'Dowd from practicing law before that Board. It was contended that since the applicable statute did not explicitly require the giving of notice, it was violative of constitutional guarantees of due process of law. This position, appellant contended, was supported by the case of Francisco v. Board of Dental Examiners, 149 S.W.2d 619 (Tex.Civ.App., Austin, 1941, error refused). Justice Norvell writing for the Supreme Court, distinguished by holding that the statute involved in the *Francisco Case* required "the Board . . . to proceed without hearing and without notice." (303 S.W.2d at p. 765) The Industrial Accident Board

had construed the statute involved in the *O'Dowd Case* as requiring notice, that notice was actually given, and that, therefore, the mere failure of the statute to explicitly require notice was not violative of constitutional guarantees. However, the court is clear in requiring notice be given in such a proceeding.

In Texas Department of Public Safety v. Hamilton, 304 S.W.2d 719 (Tex.Civ.App., Eastland, 1957, [157 Tex. 616, 306 S.W.2d 712] error ref. n. r. e.), the Texas Department of Public Safety contended that under Sec. 28 of Art. 6687b, V.A.C.S., it had authority to automatically suspend an operator's license without notice or hearing upon notification that the holder of a Texas operator's license had been convicted of an offense in a sister state. The court rejected this contention, saying:

"Section 28, supra, does not expressly provide for notice but there is a presumption in the absence of explicit language to the contrary that the legislature intended a valid and constitutional statute, and, therefore, intended that due notice should be given. Industrial Accident Board v. O'Dowd, 157 Tex. 432, 303 S.W.2d 763. Appellant concedes that no notice was given to Hamilton. Since an administrative agency has no power to cancel or suspend a license without notice the trial court properly set aside the board's order suspending his license. 1 Tex.Jur. (Ten Yr.Supp.) 110." (304 S.W.2d at p. 722)

See also Jackson v. Napier, 307 S.W.2d 833 (Tex.Civ.App., Fort Worth, 1957, no writ).

In In Re Adoption of Armstrong, 371 S.W.2d 407 (Tex.Civ.App., El Paso, 1963, error ref. n. r. e.), the father who had not been notified of the adoption of his natural child, sought relief. The district court denied relief, the court of civil appeals affirmed, and the Supreme Court of Texas refused an application for writ of error, no reversible error. Certiorari was granted by the Supreme Court, Mr. Justice Stewart, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed. 2d 62, reversed and remanded for further proceedings, which opinion was adopted by the El Paso Court of Civil Appeals, 394 S.W.2d 552 (Tex.Civ.App., El Paso, 1965, no writ). In its opinion, the Supreme Court of the United States said:

"The questions before us are whether failure to notify the petitioner of the pendency of the adoption proceedings deprived him of due process of law so as to render the adoption decree constitutionally invalid, and, if so, whether the subsequent hearing on the petitioner's motion to set aside the decree served to cure its constitutional invalidity.

"In disposing of the first issue, there is no occasion to linger long. It is clear that failure to give the petitioner notice of the pending adoption proceedings violated the most rudimentary demands of due process of law. 'Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.' Mullane v. Central Hanover Bank & Tr. Co., 339 U.S. 306, at 313, 70 S.Ct. 652, at 656, 94 L.Ed. 865 [at 872]. 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, . . . [citations omitted].'" (380 U.S. at p. 550, 85 S.Ct. at p. 1190.)

In City of Houston v. Fore, 412 S.W.2d 35 (Tex.Sup.1967); 401 S.W.2d 921 (Tex. Civ.App., Waco, 1966, reh. den.), the city brought action for street paving assessments and gave notice by three newspaper

advertisements. The court held this notice to be insufficient and violative of constitutional guarantees. See also Lowe v. City of Arlington, 453 S.W.2d 379 (Tex.Civ. App., Fort Worth, 1970, error ref. n. r. e.), holding a seventeen hour notice by the court that a hearing had not been continued and would be heard as scheduled to be insufficient.

In Gunn v. Cavanaugh, 391 S.W.2d 723 (Tex.Sup.1965), the father who was not a named party to adoption proceedings and who did not participate therein complained. The court said:

"Of course, considerations of due process require that a judicial determination of whether or not Gunn had forfeited his rights be made, after due notice to him and *with no shifting of burden of proof to him requiring that he assume the burden of showing that he did not desert, abandon or otherwise forfeit his parental rights to his children.*" [emphasis supplied] (391 S.W.2d at p. 725)

See also Ex Parte Davis, 161 Tex. 561, 344 S.W.2d 153 (1961), holding that a deaf mute divorced husband who was given only two days notice of the hearing for alleged failure to make child support payments was denied constitutional due process.

It is the interest of the minor that is paramount in any court action involving minors. See Ex Parte Taylor, 322 S.W.2d 309 (Tex.Civ.App., El Paso, 1959, no writ). Certainly under some circumstances it could be to a minor's best interest to retain his natural father's name. We hold that the natural father has an interest in a proceeding such as this and must be given notice. This notice is guaranteed by the Fourteenth Amendment to the United States Constitution and Art. 1, Sec. 19, of the Texas Constitution, and as much a part of Art. 5929, V.A.C.S., as if explicitly written into the article by the legislature.

Reversed and remanded.