TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00510-CV






Robert S. Bell, M.D., Appellant



v.



Texas Workers Compensation Commission and Richard F. Reynolds in his official


capacity as Executive Director of Texas Workers Compensation


Commission, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. GN-201971, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING






O P I N I O N




 This is an interlocutory appeal from a denial of a temporary injunction. (1) Some eighty-five percent of Robert S. Bell, M.D.'s orthopedic surgery practice involves workers compensation
patients. Dr. Bell sued the Texas Workers Compensation Commission ("Commission") because it
removed him from its list of approved doctors when his license to practice medicine was revoked
as a result of a felony conviction. Removal from the list means Dr. Bell cannot treat patients covered
by workers compensation insurance. Dr. Bell and another similarly situated physician (2) brought suit
against the Commission asserting that their rights to due process of law under the United States and
Texas Constitutions were violated when they were deleted from the list of approved doctors without
an administrative hearing. After obtaining a temporary restraining order, the doctors sought a
temporary injunction prohibiting the Commission from removing them from the approved list while
this suit for declaratory relief is pending. Their application was denied, and Dr. Bell alone appeals. 
We will affirm the trial court's denial of a temporary injunction.


FACTUAL AND PROCEDURAL BACKGROUND


 On October 18, 1999, Dr. Bell pleaded nolo contendere to a third-degree felony of
deadly conduct. The conviction arose from Dr. Bell driving by his former business partner's home
and firing several rounds from his 9-mm semi-automatic pistol into the home while the former
business partner's family was present. Dr. Bell also admitted to four other drive-by shootings. 
Punishment was assessed at one hundred twenty days in jail and eight years of maximum-supervision
probation, with conditions that he perform six hundred hours of community service, pay a five
thousand dollar fine and restitution, and undergo psychiatric counseling for three years.

 On August 26, 2000, the State Board of Medical Examiners and Dr. Bell entered into
an agreed order that found Dr. Bell guilty of unprofessional or dishonorable conduct likely to
deceive, defraud, or injure the public, specifically the felony offense of deadly conduct. (3) Dr. Bell's
license to practice medicine was suspended, but the suspension was stayed and he was placed on
probation for five years.

 On May 6, 2002, the Commission sent Dr. Bell written notice that he was to be
removed from the list of approved doctors pursuant to the workers compensation act. Section
408.0231(a)(3) of the act requires the Commission to delete from its list any doctor "whose license
to practice in this state is revoked, suspended, or not renewed by the appropriate licensing authority." 
Tex. Lab. Code Ann. § 408.0231(a)(3) (West Supp. 2003). The Commission's administrative rule
180.26(b)(4) requires deletion for "suspensions or revocations that are stayed, deferred, or probated
and voluntary relinquishment of the license to practice." 28 Tex. Admin. Code § 180.26(b)(4)
(2002).

 Dr. Bell responded to the notice by objecting to his deletion from the approved list
and requesting a "progressive disciplinary agreement." Dr. Bell described himself as a "sanctionee."
On May 23, 2002, Dr. Bell requested an administrative hearing. On May 30, the Commission
advised Dr. Bell that he was not entitled to an administrative hearing under the workers
compensation act or the Commission's rules. The letter also advised Dr. Bell that he could apply
for reinstatement to the list if "he had all appropriate unrestricted licenses/certifications, [and] had
overcome the conditions which resulted in the deletion."

 Dr. Bell contends that the trial court abused its discretion by denying the temporary
injunction because the evidence shows his probable right to recovery and the irreparable harm he will
sustain if it is not granted. He argues that his right to treat injured workers in the workers
compensation system is a constitutionally-protected property right that he has been deprived of
without due process. He argues that (1) section 408.0231 of the workers compensation act contains
an implied right to an administrative hearing; and (2) the Commission is not relieved of its obligation
to conduct a hearing merely because he had a right to a hearing prior to the Board of Medical
Examiners suspending his license.


DISCUSSION


Standard of Review

 The purpose of a temporary injunction is to preserve the status quo pending trial on
the merits. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). It is an extraordinary
remedy that is not issued as a matter of right, but is committed to the broad discretion of the trial
court. Id.; see also State v. Ruiz Wholesale Co., 901 S.W.2d 772, 777 (Tex. App.--Austin 1995, no
writ). An applicant for a temporary injunction must show: (1) a cause of action; (2) a probable right
to the relief requested; (4) and (3) imminent, irreparable harm in the interim. (5) Butnaru, 84 S.W.3d at
204.

 We review the denial of a temporary injunction by asking whether the trial court
clearly abused its discretion. See Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993); Davis v.
Huey, 571 S.W.2d 859, 861-62 (Tex. 1978). We are not to examine the merits of the pending
lawsuit, Universal Health Servs. v. Thompson, 24 S.W.3d 570, 576 (Tex. App.--Austin 2000, no
pet.); Board of Pardons & Paroles v. Graham, 878 S.W.2d 684, 686 (Tex. App.--Austin 1994, no
writ); rather our task is to determine whether the court's ruling was so arbitrary that it exceeded the
bounds of reasonable discretion. Thompson, 24 S.W.3d at 576; LeFauchuer v. Williams, 807 S.W.2d
20, 22 (Tex. App.--Austin 1991, no writ). We review the evidence in the light most favorable to
the trial court's order and will not reverse if the record contains evidence that reasonably supports
the trial court's decision. Thompson, 24 S.W.3d at 576.


Mandatory Removal of Doctor

 The Commission maintains a list of licensed doctors who are approved to provide
health care services to injured workers covered by workers compensation insurance. Tex. Lab. Code
Ann. § 408.023(a) (West Supp. 2003). In recent years, the legislature has greatly expanded the
Commission's obligations to address the quality of care provided by doctors participating in the
workers compensation system. In 2001, it added a directive that the executive director "shall delete
from the list of approved doctors a doctor . . . whose license to practice in this state is revoked,
suspended, or not renewed by the appropriate licensing authority." Id. § 408.0231(a)(3).
Furthermore, the legislature authorized the Commission to establish rules setting forth criteria for
"deleting or suspending a doctor from the list of approved doctors." Id. § 408.0231(b)(1).


 Administrative rule 180.27(f) prescribes the process the Commission must follow to
delete a doctor's name from the approved list. (6) The doctor is notified of the impending deletion and
the grounds for that action, and is given fourteen days to contest the validity of those grounds. This
procedure provides notice and an opportunity to be heard, but limits the scrutiny to an objective
determination about whether the mandatory grounds for deletion exist.

 It is conclusively established in this record that Dr. Bell (1) was removed from the
approved list of doctors under rule 180.26(b); (2) received notice of the Commission's intent to
remove him and its asserted grounds; and (3) responded in writing and requested a hearing, but did
not contest the existence of the grounds for mandatory removal. 


Implied Right to a Hearing

 Dr. Bell raises only procedural due process claims on appeal, arguing that the
Commission violated his constitutional right to due process and due course of law (7) by removing him
from the list of approved doctors without affording him a meaningful opportunity to contest the
Commission's action. The only question before us in this interlocutory appeal is whether the trial
court clearly abused its discretion in denying the temporary injunction. After evaluating Dr. Bell's
probable right to recovery on his claim that the act implies a full administrative hearing before he
can be removed from the list, we hold that the trial court was within its discretion in denying the
temporary injunction.

 Questions of procedural due process require an analysis of (1) whether the plaintiff
has a constitutionally protected property or liberty interest at stake, and (2) if so, what process is due
to sufficiently protect that interest. See Board of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972). At a minimum, due process requires notice and an opportunity to be heard at a
meaningful time and in a meaningful manner. Matthews v. Eldridge, 424 U.S. 319, 333 (1976);
Perry v. Del Rio, 67 S.W.3d 85, 92 (Tex. 2001); University of Tex. Med. Sch. v. Than, 901 S.W.2d
926, 930 (Tex. 1995).

 Exactly what process is due in a given situation is measured by a flexible standard
that depends on the practical requirements of the circumstances. Matthews, 424 U.S. at 334; Than,
901 S.W.2d at 930. The flexible standard balances three factors: (1) the private interest affected by
the state action; (2) the risk of erroneous deprivation of a constitutionally protected interest under
the procedures used and the likely benefit of any additional procedures; and (3) the government's
interest, including the fiscal and administrative burdens that additional procedural requirements
would entail. Matthews, 424 U.S. at 335; Than, 901 S.W.2d at 930.

 We address the first factor by noting that the constitutional right asserted by Dr. Bell
is the right to treat injured workers covered by workers compensation insurance, not the right to
practice medicine. Without deciding whether there is a constitutionally protected interest in the right
he asserts, we distinguish his claimed right from the established right to due process before removal
of a professional license. Cf. Francisco v. Board of Dental Exam'rs, 149 S.W.2d 619, 622 (Tex.
Civ. App.--Austin 1941, writ ref'd); Waller v. State, 68 S.W.2d 601, 605 (Tex. Civ.
App.--Amarillo 1934, writ ref'd). We address the third factor by noting that the state has a
considerable interest in regulating the quality of medical care offered to injured workers in the highly
regulated workers compensation system. To this end, the legislature had delegated to the
Commission the duty to scrutinize its list of approved doctors and to remove, without further
consideration, any doctor whose license has been suspended. Tex. Lab. Code Ann. § 408.0231(a)(3),
(b). We will now address the likely benefit of the additional administrative hearing Dr. Bell believes
is implied by section 408.0231(a)(3).

 Pursuant to rule 180.27(f)(2), Dr. Bell received notice of the Commission's intent to
delete him from its approved list and the grounds for removal. The rule provides a fourteen-day
period in which a doctor may contest removal; however, the contest is limited to whether grounds 
exist for mandatory deletion under rule 180.26(b). In Dr. Bell's case, his contest could only address
whether his license had been revoked by the Medical Board. A license revocation triggers automatic
removal of a doctor from the approved list. See 28 Tex. Admin. Code § 180.27(f)(2)(C)(i). A
doctor's license has either been revoked or it has not. Dr. Bell did not contest the grounds for
mandatory deletion. Instead, he wanted a hearing to protest the mandatory nature of the removal and
to negotiate instead a "progressive disciplinary agreement." Dr. Bell argues that the supreme court's
opinion in Industrial Accident Board v. O'Dowd, 303 S.W.2d 763, 767 (Tex. 1957) compels this
Court to interpret section 408.0231(a)(3) as implying his right to such a hearing. His request for a
hearing and his suggestion that a hearing is implied ignores the mandate imposed by the statutory
language: the executive director shall delete from the list of approved doctors a doctor whose license
has been suspended or revoked. Tex. Lab. Code Ann. § 408.0231(a)(3).

 In O'Dowd, two attorneys were alleged to have engaged in unethical and fraudulent
conduct in connection with their handling of workers compensation cases before the Industrial
Accident Board ("IAB"). (8) The relevant statute provided for a three-year suspension of anyone found
guilty of unethical or fraudulent conduct in matters within the IAB's purview. The IAB had the
discretion to determine if there had been such conduct. The statute was silent about whether the
attorneys were to receive notice and a hearing before they were suspended for three years. (9) 
Nevertheless, the IAB provided the two attorneys with notice and a full administrative hearing before
finding them guilty of unethical and fraudulent conduct and barring them from practice. The
attorneys challenged the constitutionality of the statute because it did not expressly provide for prior
notice and a hearing, even though they were accorded both.

 In light of its duty to construe statutes in harmony with constitutional requirements
if possible, the court determined that the statute provided for notice and a hearing by implication, as
the IAB had interpreted. Id. at 765-67. The nature of the "adjudication" in O'Dowd was entirely
different than that required of the Commission by section 408.0231 or rule 180.27(f) in this appeal. 
The IAB in O'Dowd investigated and adjudicated allegations of fraudulent conduct by the two
attorneys involved. The statute afforded the IAB discretion to remove the attorneys after
adjudicating the allegations against them. O'Dowd stands only for the proposition that if a statute
does not expressly rule out a hearing, it is error to hold that statute invalid when the agency has
implied into the statute the requirement of notice and a hearing

 By contrast, section 408.0231(a)(3) mandates a doctor's removal from the approved
list upon certain objective grounds and authorizes the Commission to promulgate rules governing
such removals. The Commission's rules provide for notice and the right to contest the validity of
the grounds for removal. Nothing in the statute affords any discretion to the executive director about
removing a doctor whose license has been suspended.

 The Board of Medical Examiners either revoked Dr. Bell's license to practice
medicine or it did not. That is the only fact to be determined before Dr. Bell must be removed under
section 408.0231(a)(3) and rule 180.26(b).

 Due process does not require the holding of a useless hearing when there are no
factual disputes to resolve. See Gilbert v. Homar, 520 U.S. 924, 933 (1997) ("[T]here is no need for
any presuspension process since there would be nothing to consider at the hearing except the
independently verifiable fact of whether an employee had indeed been formally charged with a
felony."); Limon v. State, 947 S.W.2d 620, 627 (Tex. App.--Austin 1997, no pet.) ("We note that
a hearing on an applicant's failure to post a bond would seem to us to be meaningless; a bond is
either posted or it is not."). (10)

 Due process requires only a procedure that assures Dr. Bell that the Commission's
action is not baseless or unwarranted. The Board of Medical Examiners afforded Dr. Bell the
process he was due before his license was suspended. The procedure he was accorded before the
Commission was sufficient to allow him to contest the objective criteria for his deletion from the
approved list. His removal was neither baseless nor unwarranted. Implying a right to a full-blown
hearing would not be of benefit considering the mandatory nature of the statute's directive to remove
from the approved list a doctor whose license has been suspended.

 We hold that Dr. Bell has not established a probable right to recovery sufficient to
show that the trial court abused its discretion by denying his request for a temporary injunction.


CONCLUSION


 For the reasons set forth, we affirm the denial of the temporary injunction.



 

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: March 20, 2003
1. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(4) (West 1997).
2. Booker T. Rogers, Jr., M.D. is an anesthesiologist who was also deleted from the list of
approved doctors because his medical license was suspended. He pleaded nolo contendere to
charges of child pornography and admitted to drug abuse. He received deferred adjudication for the
criminal charges and his license suspension was probated for five years by the State Board of
Medical Examiners. Dr. Rogers did not appeal the trial court's denial of his request for a temporary
injunction. 
3. See Medical Practices Act, Tex. Occ. Code Ann. § 164.052(a)(5) (West 2003).
4. An applicant for a temporary injunction need not prove that he or she will prevail at trial;
rather the burden is to show a probable right to recovery following a trial on the merits. Walling v.
Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993); Universal Health Servs. v. Thompson, 24 S.W.3d 570, 576
(Tex. App.--Austin 2000, no pet.).
5. An irreparable injury is one that "cannot be adequately compensated in damages or if the
damages cannot be measured by any certain pecuniary standard." Butnaru v. Ford Motor Co., 84
S.W.3d 198, 204 (Tex. 2002).
6. Subsection 180.27(f) provides in full:


 (f) Notwithstanding any other provision of this section, deletion from the
Approved Doctor List by the Executive Director pursuant to § 180.26(b)
shall be governed by this subsection.


 (1) Prior to deletion, the Executive Director or designee shall notify a
doctor of the intention to delete the doctor and the grounds for that
action.


 (2) Within 14 days after receiving the notice of intent, a doctor may file a
response to the reasons given as grounds for the deletion with the
Executive Director or designee.


 (A) If a response is not received by the 15th day after the date the
doctor received the notice of intent, the doctor is deleted and no
subsequent notice will be sent.


 (B) If the response is agreement, the doctor will be deleted effective on
the earlier of the date the doctor agrees to the deletion or the 15th
day after the date the doctor received the notice of intent and no
subsequent notice will be sent.


 (C) If a response which disagrees with the grounds for deletion is
timely received and after reviewing the response, the Executive
Director or designee determines:


 (i) that the grounds do not exist for deletion under § 180.26(b), the doctor shall
be notified that he was not deleted under § 180.26(b); or


(ii) that the grounds for deletion do exist, the doctor shall be notified of the
deletion and the notice shall identify the effective date of the deletion.


 (3) All notices under this subsection shall be delivered by verifiable means.


28 Tex. Admin. Code § 180.27(f) (2002).
7. It is well settled that although the due process clause of the Fourteenth Amendment and
the due course of law provision of the Texas Constitution differ in their language, the differences
"are without meaningful distinction." University of Tex. Med. Sch. v. Than, 901 S.W.2d 926, 929
(Tex. 1995) (quoting Mellinger v. City of Houston, 3 S.W. 249, 252-53 (Tex. 1887)). In matters of
procedural due process, Texas courts traditionally follow federal due process interpretations and
consider federal decisions on these matters persuasive authority. Id. at 929; Limon v. State, 947
S.W.2d 620, 626 n.6 (Tex. App.--Austin 1997, no pet.).
8. The Industrial Accident Board was the administrative predecessor of the current Texas
Workers Compensation Commission.
9. Today, section 408.0231(b) of the workers compensation act delegates to the Commission
the task of "establish[ing] criteria" for deleting or suspending doctors from the approved list. Tex.
Lab. Code Ann. § 408.0231(b)(1) (West Supp. 2003).
10. See also City of Alamo v. Garcia, 960 S.W.2d 221, 226 n.1 (Tex. App.--Corpus Christi
1997, no pet.) (holding that under automatic forfeiture provision, only occurrence of disqualifying
event itself, not reasons therefor, are relevant to whether forfeiture provision applied); Alvin v.
Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) ("There was simply no factual dispute that a pre-deprivation notice or hearing could have addressed.").