BROWN et al. v. HUMBLE OIL & RE-
FINING CO.

Motion No. 12043; No. 6728.

Supreme Court of Texas.

Nov. 27, 1935.

For former opinion, see 83 S.W.(2d) 935.

J. W. Wheeler, of Austin, and Hamilton, Hamilton & Turner, of Dallas, for plaintiffs in error.

E. E. Townes, Rex G. Baker, Hines Baker, and R. E. Seagler, all of Houston, and Ben H. Powell and J. A. Rauhut, both of Austin, for defendant in error.

SHARP, Justice.

This cause is now before us on a motion for rehearing filed by plaintiffs in error.

In the original opinion rendered in this cause, (Tex. Sup.) 83 S.W.(2d) 935, 940, the following language was used:

"It is now, however, recognized that when an oil field has been fairly tested and developed, experts can determine approximately the amount of oil and gas in place in a common pool, and can also equitably determine the amount of oil and gas recoverable by the owner of each tract of land under certain operating conditions. * * *

"Conditions may arise where it would be proper, right, and just to grant exceptions to the rule so as to permit wells to be drilled on smaller tracts than prescribed therein. Also, conditions may arise where it would be proper, right, and just to permit tracts to be subdivided and such subdivisions drilled after the adoption of the rule; but in all such instances it is the duty of the commission to adjust the allowable, based upon the potential production, so as to give to the owner of such smaller tract only his just proportion of the oil and gas. By this method each person will be entitled to recover a quantity of oil and gas substantially equivalent in amount to the recoverable oil and gas under his land."

It appears that the first quotation above and a part of the second have been construed by some to mean that this court has undertaken to prescribe them as rules and standards by which to determine property rights and as standards to control the Railroad Commission in promulgating conservation rules and orders relating to oil and gas. Others have construed the language, or part of the language, above quoted from the opinion to amount to a ruling that acreage must be used as the sole or controlling factor in determining how many oil and gas wells may be drilled on, or how much oil or gas may be taken from, a tract of land, or to hold in effect that whenever a well or wells are permitted to be drilled upon a small tract under the exception in rule 37, the allowable from such wells must always be adjusted so that the tract will be permitted to produce only a quantity of oil measured by the proportion which its acreage

bears to the acreage of tracts developed under the general provisions of the rule.

These are erroneous constructions of the opinion. The language quoted was used, not for the purpose of prescribing rules or standards, but merely in a discussion of the validity and purpose of the rule and its exception, as showing that the rule and the exception with respect to vested rights are reasonable; and that, while it is "impossible to measure the quantity of oil and gas beneath each tract of land," or to "give exact justice to all land owners," the rule and the exception can be so administered' as to prevent the invasion of property rights by fairly and reasonably, but of course not exactly, protecting each owner in the ownership of, and in the opportunity to save and produce, the oil and gas which according to the decisions in this state he has a right to take.

We recognize that the Railroad Commission is authorized to make rules relating to the production of oil and gas. This court will not undertake to prescribe any rule or standard to guide the commission, except that its actions must be legal, reasonable, and not arbitrary. There are many factors, facts, and circumstances, which we shall not undertake to detail here, in each case and in each hearing, which must be considered, weighed, and given effect, in the fair and reasonable administration of such laws, rules, and exceptions. All questions of fact are primarily for the commission to determine.

We held in the original opinion, and reiterate it here, that the Legislature enacted certain laws which declare the public policy of the state with respect to the development and conservation of oil and gas, and placed the duty upon the Railroad Commission to carry out the details. The duty is lodged with the Railroad Commission to make rules to carry out the mandates of the Legislature, and to impartially enforce them. In the exercise of its power to grant exceptions to its rules, it is the duty of the commission to treat all interested parties justly, fairly, and impartially under all the facts and circumstances of the case; and the actions and rulings of the commission in attempting to accomplish such results will not be disturbed by the courts, unless they are clearly illegal, unreasonable, or arbitrary. All rules and rulings of the Railroad Commission are presumed to be valid until the contrary is made

to appear. If a rule of the commission is found to be illegal or invalid by a court of competent jurisdiction, such court may so adjudge. The court cannot substitute a new rule for the one adjudged invalid. That power rests exclusively with the Railroad Commission.

With the foregoing explanation, the motion for rehearing is overruled.