SUPERIOR OIL CO. *v.* GRIFFITH, et al.

May 26, 1952

No. 38414 (59 So. (2d) 104)

See syllabi Superior Oil Co., v. Foote, et al. ante

On Suggestion of Error

Oct. 6, 1952 (60 So. (2d) 505)

892

Wells, Thomas, Wells & Smith, for appellant.

Livingston & Livingston, and Hall & Callender, for appellees.

896

Appellant in reply.

Livingston & Livingston, and Hall. & Callender, for appellees.

**Alexander, J.**

This case involves a forced pooling of gas Units 37 and 50 in the Gwinville field. The lands of appellees had been under mineral leases which contained no pooling agreements. These appellants contested the integration order of the Oil & Gas Board.

The petition to integrate the leases of appellees was filed shortly before the expiration of their respective primary terms but the order of integration was entered afterwards.

Appellees in their answer to the petition before the Board, joined in the prayer for integration but on condition that it be declared or assumed that the pooling order integrated them as unleased lands, or otherwise expressed, as lands upon which the mineral leases had expired. In this and other respects the facts and contentions are the same as those found in Hutchins v. Humble Oil and Refining Company, Miss., 59 So. (2d) 103. For the reasons stated therein and in Superior Oil Company v. Foote, Miss., 59 So. (2d) 85 we must reverse the judgment of the circuit court and uphold the order of the Board, but likewise without adjudicating the effect of such order upon the nature or extent of the rights of the respective owners.

We take note of the alleged error in the description of a twenty-acre strip of land incorporated in the order as being in Unit 50 which was properly described in the plat filed with the Board and the joint operating contract as being the "West 20 acres of the NE¼ of Section 32" in Township 9 N, Range 18 W, Jefferson County, Mississippi, but was erroneously described in the order as the "East 20 acres" etc. The latter description covers a wholly disconnected parcel and was improper and clearly a scrivener's error. We take no action thereon except to withhold approval of that part of the order. Other means of correction are readily available and such oversight was in no way prejudicial to the appellees who did not own the east 20 acres as described. Moreover, neither the appellant, as lessee of the latter tract nor the lessors thereof, are claiming any share in the production from Unit 50.

Reversed and judgment here.

**McGehee, C. J.**, and **Roberds, Holmes, Arrington** and **Ethridge, JJ.**, concur.

**Hall** and **Kyle, JJ.**, being disqualified, took no part.

**Lee, J.** (specially concurring).

In view of the fact that the appellees joined in the prayer for integration, which they obviously had the right to do, I concur in the result reached.

The opinion on the suggestion of error was as follows:

**McGehee, C. J.**

When the former opinion was rendered in the above styled cause on May 26, 1952, Miss., 59 So. (2d) 104, our attention was engaged primarily with the questions discussed in Superior Oil Company v. Foote, Miss., 59 So. (2d) 85, 844, and Hutchins v. Humble Oil & Refining Company, Miss., 59 So. (2d) 103. There were six cases,

including the instant case, and the two cases above mentioned that were decided at that time.

This case involved both Units 37 and 50 in the Gwinville Oil & Gas Field. The decisions in the Hutchins and Foote cases, supra, were controlling on the question of whether these two units had been established to the extent of conferring upon the State Oil & Gas Board the jurisdiction to entertain the petition for compulsory integration. They were also controlling as to the legality of the integration order as to Unit 37, above mentioned, and would have been controlling as to the legality of Unit 50 except for the factual situation set forth in the last paragraph of our former opinion.

The Suggestion of Error filed by the appellees, B. C. Griffith et al., does not challenge the correctness of the former opinion in holding that the integration order of Unit 37 was valid. These appellees had appealed to the circuit court from the decision of the State Oil and Gas Board as to both Units 37 and 50 and that court reversed the decision of the State Oil and Gas Board and rendered a judgment setting aside the integration order as to both of these units. This action rendered it necessary for the appellant, Superior Oil Company, to prosecute this appeal. We reversed the action of the circuit court as to both units in our former opinion, and in effect reinstated the integration orders of the State Oil & Gas Board as to both units. We have concluded, after a study of the briefs filed both pro and con on the Suggestion of Error, that we were in error in reversing the circuit court and rendering a judgment here in favor of the Superior Oil Company as to the validity of the integration order so far as Unit 50 is concerned, and for the following reasons:

The correct description of the lands that were to have been included in the 320 acres to comprise Unit 50 is the ''NW¼ and the West 20 acres of the NE¼ of Section 32; SE¼ of SE¼ and S½ of NE¼ of SE¼ of Section 30 and S½ SW¼ of Section 29-T9N-R18W,

Jefferson Davis County, Mississippi.'' The lands were so described on the plat filed and approved by the State Oil & Gas Board, as well as in the operating agreements and the recorded designation of the unit prior to the filing of the petition for compulsory integration. These were the lands to which the Board assigned the allowables for each month since February 1950, and were evidently the lands that the appellant, Superior Oil Company, intended to describe in its petition for integration and in the notice published to the interested parties prior to the order of integration appealed from, but by inadvertence that portion of the description hereinbefore set forth reading ''and the West 20 acres of the NE¼ of Section 32'' was described in the petition for integration, and in the notice published in that behalf, and also in the integration order of the Board as ''the East 20 acres of the NE¼ of Section 32.'' That 20 acres of the NE¼ of Section 32 is contained in Unit No. 59, and it is asserted in the brief of the Oil Company and not controverted in the brief of the appellees that there is a producing gas well located on such 20 acres in Unit 59, and that this 20 acres is noncontiguous to the remaining 300 acres described in the integration order of Unit 50.

The field rules for the Gwinville Oil and Gas Field provide that: ''A gas well must be located on a drilling or producing unit consisting of not less than 320 surface *contiguous* acres upon which no other drilling or productable well in the same pool is located''. (Italics ours.) These rules were promulgated by the Board pursuant to the authority of a legislative enactment. ▮▮ Moreover, it is conceded by the appellant Oil Company that the Board is without authority to integrate noncontiguous lands into the same unit.

It follows that the integration order describing this noncontiguous East 20 acres of the NE¼ of Section 32 as a part of the 320 acres that were to form unit 50, instead of describing therein the West 20 acres thereof,

was beyond the power of the Board to make, and that the integration order as it relates to Unit 50 is therefore invalid.

It will be noted that in the last paragraph of our former opinion, when referring to the inclusion of this non-contiguous 20 acres in the integration order, we said [59 So. (2d) .105]: "We take no action thereon except to withhold approval of that part of the order." ██ ██ We have now concluded that we are in error in affirming the order as to 300 acres and withholding our approval as to 20 acres since it was necessary that the unit be 320 acres unless the granting of an exception was justified, and in this instance the conditions for an exception did not exist.

The theory and philosophy of the spacing rules and regulations adopted by the Board, and the finding of the Board, is that one gas well will efficiently drain an area of 320 contiguous acres on which the well is located. The said East 20 acres is located one-half mile away from the remaining 300 acres, and it is conceded in the brief of the appellant Oil Company that the said East 20 acres is entitled to participate in the production from the well located thereon in Unit 59, and it can not therefore be legally a part of Unit 50 with the right to participate, according to the record, in the production from the well on the said unit.

██ ██ But we are asked by the appellant to modify the order of the State Oil & Gas Board so as to include therein the West 20 acres of the NE¼ of Section 32 instead of the East 20 acres thereof. To do this would amount to the adoption of an integration order by this Court, and one different to that entered by the State Oil & Gas Board. Moreover, no petition for integration has asked the Board to integrate the West 20 acres into Unit 50 and no published notice in that behalf has been given as required by Section 7(b), Chapter 256, Laws 1948. As to our lack of authority to substitute a different integration order for that entered by the Board, see

31-A, Texas Jurisprudence, Section 437, p. 772, and Brown v. Humble Oil & Refining Company, 126 Tex. 296, 87 S. W. (2d) 1069, 101 A. L. R. 1393, holding that such power rests exclusively with the administrative agency.

Furthermore, Section 12(a), Chapter 256, Laws of 1948, provides that on appeal to the circuit court from an order entered by the Board "the said circuit court may affirm such rule, regulation or order, or reverse same for further proceedings as justice may require." We are of the opinion that this is likewise the extent of our authority on appeal here from such order.

It is further urged by the appellant that appellees are not in position to complain about the error for the reason that they admitted in their answers that Unit No. 50, as designated and approved by the Board (prior to the filing of the petition for integration), consisted of the lands described in the petition and that the appellees joined in the prayer of the petition for the integration. The fault with this contention is that the appellees could not validly agree to the integration of noncontiguous land. They could not by agreement confer such jurisdition upon the Board. In joining in the prayer for integration, the appellees did so on condition that the integration order would deal with the land as being unleased where the primary terms of the leases had expired prior to the entry of such order. But this qualification in the answer is mentioned for the sake of the record and not as being material to the decision of the question involved on this Suggestion of Error.

As to the admissions contained in the answers of the appellees in the foregoing respect, the record discloses that at the hearing before the Oil & Gas Board counsel for the appellees called attention to the fact that "There is a discrepancy as to 20 acres of land in Section 32 as being included in Unit No. 50 * * * ", and whereupon counsel for the appellant stated "We would like to ask permission to amend if that is correct." No response was made by the Chairman of the Board and no amendment was ever made, and the discrepancy was

assigned for error afterwards in the appeal of the appellees to the circuit court, and was again urged in defense of the appeal to this Court. Even if it be true that counsel for the appellees should have gone into further detail by pointing out what the discrepancy consisted of, and that the petition for integration and notice published had described a noncontiguous 20-acre tract as a part of the 320 acres to be integrated, this would not do away with the fact that this Court can not now substitute another 20 acres in the integration order, especially where such other 20 acres were not mentioned in the petition for integration or in the notice published in that behalf.

We therefore adhere to the former decision wherein we reversed the decision of the circuit court and entered a judgment here for the appellant Oil Company as to the validity of the integration order for Unit 37, and we withdraw our former opinion to the extent that the same reverses the order of the circuit court wherein that court had reversed the order of the State Oil & Gas Board as to the integration order of Unit 50, and we now affirm the action of the circuit court as to said Unit 50 and remand the cause without prejudice for such further proceedings before the State Oil & Gas Board that any person interested may desire to institute for obtaining a valid order of integration of the lands and leases in said unit, it being our opinion that the appellees, or at least the appellee, Mrs. Mabell G. Magee, have a sufficient interest in having Unit 50 legally integrated as to be entitled to raise this issue of discrepancy; even though none of the appellees own any interest in either of the 20 acres in regard to which the error occurred.

The costs on this appeal will be taxed one-half against the appellant and one-half against the appellees.

Suggestion of error sustained to the extent stated in the foregoing opinion.

All judges concur except **Hall** and **Kyle, JJ.**, who, being disqualified, took no part.