

ℛℚ 95

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 17, 1973

The Honorable R. T. Weber, D. D. S.
Secretary-Treasurer, Texas State
Board of Dental Examiners
Capital National Bank Bldg.
Austin, Texas 78701

Opinion No. H-41

Re: The right of a Dental
Association to regulate
the relationship between
the licensed dentist, the
patient, and a third party
with whom the patient has
contracted to provide den-
tal care to members of his
Group.

Dear Dr. Weber:

You have requested the opinion of this office with regard to a suggested amendment to the Texas Non-Profit Corporation Act. Article 1396-2. 01A(1), Vernon's Texas Civil Statutes, currently provides in part as follows:

> "Charitable corporations may be formed for the
> purpose of operating a Dental Health Service Corpor-
> ation which service corporation will manage and
> coordinate the relationship between the contracting
> dentist, who will perform the dental services, and
> the patient who will receive such services where such
> patient is a member of a group which has contracted
> with the Dental Health Service Corporation to pro-
> vide dental care to members of that group . . . .
> A corporation formed hereunder shall maintain not
> less than thirty percent (30%) of the number of den-
> tists actually engaged in the practice of dentistry
> in this state as participating or contracting den-
> tists, and shall file with the Texas State Board of
> Dental Examiners each September the names and add-
> resses of all contracting or participating dentists. "

The suggested amendment would add the following language as Article 1396-2. 01A(2), V. T. C. S. :

"Nothing contained in Article 1396-2.01 shall be construed to limit the authority of any Dental Association with at least 70% of the dentists legally engaged in the practice of Dentistry in this State from establishing a committee or council or unincorporated association or corporation with full authority to regulate, contract, manage, control and coordinate the relationship between the licensed dentist, who will perform the services, and the patient who will receive such services, and a third party with whom the patient has contracted to provide dental care to members of his Group. The Dental Association may form a corporation for the above purposes under this Article or it may provide such services through the Texas Dental Association."

Any Dental Health Service Corporation (DHSC) established under Article 1396-2.01A(1) must maintain at least thirty percent participation of all practicing dentists. It has the authority to contract with groups to provide dental care to members of such groups, care to be provided by the participating dentists. Such DHSC is, therefore, a third party given the authority to "manage and coordinate" the relationship between the participating dentist on the one hand and the group member-patient on the other. The two classes of parties subject to its management enter that relationship voluntarily, by contractual agreement.

The suggested amendment would allow the creation of an organization (a committee or council or unincorporated association or corporation) which would have "full authority to regulate, contract, manage, control and coordinate" relationships among the designated parties. Those parties are of three classes rather than the two subject to DHSC management.

The first subject party is "the licensed dentist, who will perform the services." Any dentist who is to perform the services to the designated individuals, whether or not he is a member of the Dental Association, is to be made subject to its full authority to regulate and control.

The second subject party is "the patient who will receive such services."

There is no requirement of any relationship, contractual or otherwise, between the patient and the Dental Association to whose authority the patient, in his relationship with his dentist, is to be made subject.

The third party subject to the Association's authority is that "third party with whom the patient has contracted to provide dental care to members of his Group," that is, the party which provides the link between the dentist and the group member-patient, a party which, like the dentist and patient, does not necessarily stand in any contractual or other relationship with the Association.

One such third party would therefore be any DHSC organized under Article 1396-2.01A(1), V.T.C.S. The suggested amendment could conceivably subject a DHSC of exactly 30% of the practicing dentists of the State and their patients to the "full authority to regulate, contract, manage, control and coordinate" their internal contractual relationships of a council established by a Dental Association made up exclusively of the other 70% of the practicing dentists of the State. It thus appears that the effect of the suggested amendment would be to permit a private sector of the population to establish an organization with independent powers to regulate contractual relations among other elements of the public with whom it stands in no contractual relationship.

The creation of an organization so empowered would be in effect an attempted delegation of legislative powers, in violation of Article 2, §1 and Article 3, §1 of the Constitution, to a private organization. Such an attempted delegation would be unconstitutional and void. Trimmier v. Carlton, 296 S.W. 1070 (1927); Texas National Guard Armory Board v. McCraw, 126 S.W.2d 627 (Tex., 1939); Davis v. City of Lubbock, 326 S.W.2d 699 (Tex., 1959); Daniel v. Tyrrell & Garth Inv. Co., 93 S.W.2d 372 (1936); Brown v. Humble Oil & Ref. Co., 83 S.W.2d 935 (1935), reh. den. 87 S.W.2d 1069; Calvert v. Capital Southwest Corp., 441 S.W.2d 247 (Tex. Civ. App., Austin, 1969, writ ref. n.r.e.), appeal dismissed, 397 U.S. 321.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:


LARRY F. YORK, First Assistant


DAVID M. KENDALL, Chairman
Opinion Committee