

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

March 1, 2000

Mr. Charles W. Heald, P.E.
Executive Director
Texas Department of Transportation
125 East 11th Street
Austin, Texas 78701-2483

Opinion No. JC-0189

Re: Whether the Texas Department of Transportation is authorized to establish the Statewide Transportation Policy Committee and the Bicycle Advisory Committee as provided in title 43, section 1.85(a)(2) and (8) of the Texas Administrative Code (RQ-0126-JC)

Dear Mr. Heald:

You ask whether the Texas Department of Transportation (the "Department") is authorized to establish the Statewide Transportation Policy Committee and the Bicycle Advisory Committee in light of a 1998 letter opinion of this office, which you read to construe chapter 2110 of the Government Code to provide that a state agency may not establish an advisory committee unless expressly authorized to do so by state law. We conclude that chapter 2110 has no bearing on whether a state agency is authorized to create an advisory committee and that a state agency's authority to create an advisory committee will depend upon statutes specifically governing the agency and may be express or implied. We also conclude that statutes requiring the Department to obtain public input on statewide transportation planning and bicycle issues provide implied authority for the Department to establish the two committees.

The Department has promulgated a rule establishing a Statewide Transportation Policy Committee and a Bicycle Advisory Committee. See 43 TEX. ADMIN. CODE § 1.85(a)(2), (8) (1999). We understand from your query that the Department does not have express statutory authority to establish either committee. In addition, the Department did not establish either committee pursuant to the Administrative Procedure Act provision that generally authorizes state agencies to appoint committees of experts, interested persons, or representatives of the public to advise them about contemplated rulemaking. See TEX. GOV'T CODE ANN. § 2001.031 (Vernon 2000). We also understand that the committees at issue are purely advisory. Our opinion is limited to purely advisory bodies; we do not address the authority of a state agency to create a committee to which it will delegate authority.

You are concerned about the Department's authority to establish the committees in light of Attorney General Letter Opinion 98-009. See Tex. Att'y Gen. LO-98-009. That letter opinion addressed the authority of the Department of Licensing and Regulation to create an advisory

committee to aid in its regulation of the staff leasing services industry, and concluded that the Department lacked the authority to create the committee. You are concerned that the letter opinion may suggest that chapter 2110 of the Government Code provides that a state agency may not create an advisory committee unless it is expressly authorized to do so by statute.

We have reviewed chapter 2110 and its legislative history. As we explain below, the chapter is designed to increase the effectiveness of advisory committees and to limit their cost to the state. No provision in chapter 2110 addresses whether a state agency may create an advisory committee. Because the chapter is concerned with the cost and overall effectiveness of advisory committees rather than the basis for their creation, we conclude that it is not relevant to whether a state agency may create an advisory committee.

Chapter 2110 begins with this definition:

> In this chapter, "advisory committee" means a committee, council, commission, task force, or other entity in the executive branch of state government that:
>
> (1) is not a state agency;
>
> (2) is created by or under state law; and
>
> (3) has as its primary function advising a state agency.

TEX. GOV'T CODE ANN. § 2110.001 (Vernon 2000). This provision defines the term "advisory committee" for purposes of the chapter, thereby establishing the chapter's scope. We do not believe that this definition imposes limitations on the creation of such committees.

The remaining provisions of chapter 2110 pertain to the organization and effectiveness of advisory committees and their cost to the state. Section 2110.002 provides that an advisory committee must be composed of a reasonable number of members, not to exceed twenty-four. *Id.* § 2110.002(a). In addition, the composition of a committee must be balanced, with members representing the various business and consumer interests affected by the agency. *Id.* These limitations do not apply if the committee must be composed in a certain manner under federal law or for federal funding purposes. *Id.* § 2110.002(b). Furthermore, unless provided by other law, a committee must select a presiding officer from among its members to preside over the committee and report to the state agency. *Id.* § 2110.003.

Other provisions require a state agency that is advised by an advisory committee to adopt rules that state the committee's purpose and describe the committee's task and the manner in which it will report to the agency. *Id.* § 2110.005. In addition, a state agency is required to annually evaluate its committees' work, usefulness, and costs, *id.* § 2110.006, and must report this

information to the Legislative Budget Board biennially in connection with the agency's appropriation request, *id.* § 2110.007.

Chapter 2110 imposes limitations on the reimbursement of advisory committee members' expenses. The manner and amount of reimbursement for expenses "may be prescribed only . . . by the General Appropriations Act" or "through the budget execution process . . . if the advisory committee is created after it is practicable to address the existence of the committee in the General Appropriations Act." *Id.* § 2110.004(a). If a state agency determines the expenses of committee members should be reimbursed, it must request authority to do so through the appropriations or budget execution process. *Id.* § 2110.004(b).

Finally, chapter 2110 addresses the effectiveness and expense of advisory committees by limiting their duration. Unless a statute establishes the duration of an advisory committee, a state agency must establish by rule a date on which the committee will be automatically abolished. *Id.* § 2110.008(a). In the absence of such a rule, a committee is automatically abolished on the fourth anniversary of the date of its creation. *Id.* § 2110.008(b). A state agency may continue the existence of a committee after its date of abolition only by the affirmative vote of its governing body. *Id.* § 2110.008(a).

In short, chapter 2110 is concerned with the cost and overall effectiveness of advisory committees and does not address whether a state agency may create an advisory committee. This conclusion is supported by its legislative history. The statutory predecessor to chapter 2110, former article 6252-33, was enacted in 1993 by the Seventy-third Legislature as Senate Bill 383. *See* Act of May 23, 1993, 73d Leg., ch. 398, 1993 Tex. Gen. Laws 1696.[1] Bill analyses state that Senate Bill 383 was intended to enact a recommendation of the Office of the Comptroller resulting from that office's performance review of state government. *See* SENATE COMM. ON FINANCE, BILL ANALYSIS, Tex. S.B. 383, 73d Leg., R.S. (1993) (stating as background that Comptroller had made a number of "recommendations for making state government more efficient and less costly to Texas taxpayers" and the Comptroller's report "Against the Grain recommends establishing statutory guidelines for state agency advisory committees"); *see also* HOUSE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. Comm. Substitute S.B. 383, 73d Leg., R.S. (1993) (same). The report referenced in the legislative history recommended legislation to address the cost, fiscal accountability, and overall effectiveness of advisory committees and to abolish certain committees. The report did not address the authority of state agencies to create advisory committees or recommend that that authority be circumscribed. *See* TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, TEXAS PERFORMANCE REVIEW, 2 AGAINST THE GRAIN: HIGH-QUALITY LOW-COST GOVERNMENT FOR TEXAS, at 1-3 (1993).

To the extent Attorney General Letter Opinion 98-009 may be read to construe chapter 2110 to provide that a state agency may not create an advisory committee absent express statutory

---

[1]Former article 6252-33 was repealed and codified in the Government Code in 1997. *See* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 16.01(a) (enacting chapter 2110 of the Government Code and repealing article 6252-33, Revised Civil Statutes), 1997 Tex. Gen. Laws 327, 471.

authority, it is modified. We do not revisit the letter opinion's conclusion regarding the Department of Licensing and Regulation's authority to create an advisory committee to aid in its regulation of the staff leasing services industry.

You ask not only about Letter Opinion 98-009 but also more specifically about the authority of the Department to establish the Statewide Transportation Policy Committee and the Bicycle Advisory Committee. We review a state agency rule establishing an advisory committee just as we would any other agency rule or action. We believe that a state agency's authority to create an advisory committee will depend upon statutes specifically governing the agency and may be express or implied. Section 2001.031 of the Government Code, for example, generally permits state agencies to appoint advisory committees to advise them about contemplated rulemaking. *See* TEX. GOV'T CODE ANN. § 2001.031 (Vernon 2000) (Administrative Procedure Act). Other statutes may specifically authorize a state agency to create committees to advise it on particular matters. Because no statute expressly authorizes the Department to create either committee, we must consider whether the Department has the implied authority to create them.

State agencies may exercise only those powers that are specifically given them by statute. *See 6th & Neches v. Aldridge*, 992 S.W.2d 684, 687 (Tex. App.–Austin 1999, pet. denied); *Sexton v. Mount Olivet Cemetery Ass'n*, 720 S.W.2d 129, 137 (Tex. App.–Austin 1986, writ ref'd n.r.e.). However, agencies also have implied powers to do that which is necessary to carry out the specific powers delegated, for the legislature intended a workable and effective exercise of the powers expressly and specifically granted the agency. *See Mount Olivet*, 720 S.W.2d at 137-39 (full extent of power specifically granted agency must be ascertained with due regard for rule that legislature intends agency should have, by implication, such authority as may be necessary to carry out specific powers delegated). In considering the validity of a state agency rule, the determinative factor as to whether the agency has exceeded its authority is whether the rule is in harmony with the general objectives of the statute. *Gerst v. Oak Cliff Savings & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex. 1968). Although administrative rules are presumed valid, they may be found void if adopted without statutory authority. *Hollywood Calling v. Public Util. Comm'n*, 805 S.W.2d 618, 620 (Tex. App.–Austin 1991, no writ); *see also Brown v. Humble Oil & Ref. Co.*, 87 S.W.2d 1069 (Tex. 1935).

We conclude that the Department has implied authority to establish the Statewide Transportation Policy Committee and the Bicycle Advisory Committee. With respect to the Statewide Transportation Policy Committee, for example, section 201.601 of the Transportation Code and 23 U.S.C. § 135 require the Department to develop a statewide transportation plan that encompasses all modes of transportation. *See* 43 TEX. ADMIN. CODE § 1.85(2)(A) (1999) (rule establishing purpose of Statewide Transportation Policy Committee); *see also* 23 U.S.C. § 135(a) (West Supp. 1999); TEX. TRANSP. CODE ANN. § 201.601 (Vernon 1999). State law requires the Department to seek opinions and assistance from other state agencies and political subdivisions in developing the plan. *See* TEX. TRANSP. CODE ANN. § 201.601(b) (Vernon 1999). Federal law further provides that in developing the plan the department must seek public input from interested parties. *See* 23 U.S.C. § 135(e)(3)(A) (West Supp. 1999) ("In developing the long-range transportation plan, the State shall . . . provide citizens, affected public agencies, representatives of transportation agency

employees, freight shippers, private providers of transportation, representatives of users of public transit, providers of freight transportation services, and other interested parties with a reasonable opportunity to comment on the proposed plan").

The Department's rule establishing the committee provides: "To comply with these requirements, the Statewide Transportation Policy Committee, to be composed of private transportation providers and other governmental agencies and individuals concerned with transportation, will advise the department on its statewide transportation plan. The committee will provide a forum for identifying issues to be addressed by the planning process and for providing input into the department's planning process." 43 TEX. ADMIN. CODE § 1.85(2)(A) (1999). We conclude that state and federal law requiring the Department to develop a statewide transportation plan with the input of other governmental entities and the public provides implied authority for the Department to establish the Statewide Transportation Policy Committee for the purposes stated in the rule.

The Department's rule establishing the Bicycle Advisory Committee states that its purpose "is to advise the commission on bicycle issues. By involving representatives of the public, including bicyclists, the department helps ensure effective communication with the bicycle community, and that the bicyclist's perspective will be considered in the development of departmental policies affecting bicycle use including the design, construction and maintenance of highways." *Id.* § 1.85(a)(8)(A). Section 201.902 of the Transportation Code charges the Department with designating a statewide bicycle coordinator and regional bicycle coordinators to assist the Department in developing rules and plans to enhance the use of the state highway system by bicyclists, *see* TEX. TRANSP. CODE ANN. § 201.902(a), (b) (Vernon 1999), and with adopting rules relating to the use of roads in the state highway system by bicyclists, including provisions for:

(1) the specific duties of the statewide bicycle coordinator and the regional bicycle coordinators;

(2) obtaining comments from bicyclists on:

(A) a highway project that might affect bicycle use;

(B) the use of a highway for bicycling events; and

(C) department policies affecting bicycle use of state highways;

(3) the consideration of acceptable national bicycle design, construction, and maintenance standards on a project in an area with significant bicycle use; and

(4) any other matter the commission determines necessary to enhance the use of the state highway system by bicyclists.

*Id.* § 201.902(c). We conclude that this statutory mandate, which requires the Department to obtain the comment of bicyclists on a number of issues, provides implied authority for the Department to establish the Bicycle Advisory Committee.

We note that state law expressly requires the Department to establish advisory committees on subjects such as aviation, household goods carriers, public transportation, vehicle storage facilities, and port authorities. *See* TEX. TRANSP. CODE ANN. §§ 21.003 (Vernon 1999) (Aviation Advisory Committee), 53.001 (Port Advisory Committee), 455.004 (Public Transportation Advisory Committee), 643.155 (Vernon Supp. 2000) (Household Goods Carriers Advisory Committee), 643.202 (Vernon 1999) (Vehicle Storage Facility/Tow Truck Rules Advisory Committee); *see also* 43 TEX. ADMIN. CODE § 1.83 (1999) (Department rules regarding statutory advisory committees). In some instances, the express provision for committees to advise a state agency on particular matters may indicate that the legislature intends to limit the agency's authority to create others. In other instances, it may be clear from a statute that the legislature intends to limit public participation or outside influence with respect to a certain regulatory matter, thereby impliedly limiting the agency's authority to create an advisory committee. Here, however, we do not believe that the legislature's express provision for committees to advise the Department on certain matters precludes the Department from creating other advisory committees in order to comply with other statutory mandates. Furthermore, creation of the committees at issue is entirely consistent with the Department's express statutory authority.

In sum, we conclude that the Department has implied authority to establish the Statewide Transportation Policy Committee and the Bicycle Advisory Committee. Of course, as state agency advisory committees, the Statewide Transportation Policy Committee and the Bicycle Advisory Committee are generally subject to chapter 2110 of the Government Code. *See* TEX. GOV'T CODE ANN. § 2110.001 (Vernon 2000) (defining advisory committee as a committee "created by or under state law" that "has as its primary function advising a state agency"). Chapter 2110 requires the Department not only to adopt rules stating the committees' purpose, but also to annually evaluate the committees' work, usefulness and costs. *See id.* §§ 2110.005, .006.

## S U M M A R Y

A state agency's authority to create an advisory committee depends upon statutes specifically governing the agency and may be express or implied. The Texas Department of Transportation has implied authority to establish the Statewide Transportation Policy Committee and the Bicycle Advisory Committee. *See* 43 TEX. ADMIN. CODE § 1.85(2), (8) (1999).

Attorney General Letter Opinion 98-009 is modified to the extent it may be read to construe chapter 2110 of the Government Code to provide that a state agency may not create an advisory committee absent express statutory authority.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee