**Ex parte Gary GRAHAM.**

**No. 17568–02.**

Court of Criminal Appeals of Texas, En Banc.

April 27, 1993.

Certiorari Denied May 24, 1993.

See 113 S.Ct. 2431.

Anthony S. Haughton, Robert C. Owen, Mandy Welch, Houston, Richard Burr, New York City, Michael E. Tigar, Austin, for appellant.

John B. Holmes, Jr., Dist. Atty., and Roe Wilson, Asst. Dist. Atty., Houston, Robert S. Walt, Asst. Atty. Gen., Robert Huttash, State's Atty., Austin, for the State.

***ORDER***

PER CURIAM.

This is a post conviction application for writ of habeas corpus filed pursuant to the provisions of Art. 11.07, V.A.C.C.P.

On October 28, 1981, applicant was convicted of the offense of capital murder. After the jury returned affirmative answers to the special issues submitted under Art. 37.071, V.A.C.C.P., punishment was

9. *See and compare, Holladay v. State,* 709 S.W.2d 194 (Tex.Cr.App.1986).

assessed at death. This Court affirmed applicant's conviction on direct appeal. *Graham v. State*, No. 68,916, (Tex.Cr.App. delivered June 12, 1984). The trial court has scheduled applicant's execution to be carried out on or before sunrise, April 29, 1993.

In the instant cause, applicant presents four allegations in which he challenges the validity of his conviction or resulting sentence. The trial court has entered findings of fact and conclusions of law and recommended the relief sought be denied.

This Court has reviewed the record. The findings and conclusions entered by the trial court are supported by the record and upon such basis the relief is denied.

IT IS SO ORDERED.

CLINTON, J., would grant the stay.

MILLER, J., not participating.

MALONEY, Judge, dissenting.

This is a post conviction application for writ of habeas corpus filed pursuant to the provisions of TEX.CODE CRIM.PROC. ANN. art. 11.07.

On October 28, 1981, applicant was convicted of the offense of capital murder. After the jury returned affirmative answers to the special issues submitted under TEX.CODE CRIM.PROC.ANN. art. 37.071, punishment was assessed at death. Applicant's conviction was affirmed by this Court on direct appeal. *Graham v. State*, No. 68,916 (Tex.Crim.App. June 12, 1984). The trial court has scheduled applicant's execution to be carried out on or before sunrise, April 29, 1993.

Applicant presents four allegations in which he challenges the validity of his conviction or resulting sentence. In his first allegation applicant claims that he was denied effective assistance of counsel and in his fourth allegation applicant claims that on the basis of new evidence it is clear that he is innocent of the crime for which he was convicted. Upon review of the record, I find that there are additional facts that need to be developed regarding the investigation of applicant's case in light of his ineffective assistance claim. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). I further find,

based upon applicant's application and the attached affidavits, that there are additional facts that need to be developed regarding applicant's claim of actual innocence. *Herrera v. Collins*, —— U.S. ——, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). I would therefore grant a stay of execution and abate this post conviction writ of habeas corpus pending an evidentiary hearing in the trial court.

BAIRD, J., joins this opinion and further believes the application should be filed and set for submission to consider the continued viability of *Ex parte Binder*, 660 S.W.2d 103, 106 (Tex.Cr.App.1983) (Newly discovered evidence "not a fit subject for the exercise of ... habeas corpus powers.") in light of *Gonzales v. State*, 818 S.W.2d 756, 765 (Tex.Cr.App.1991) (Court of Criminal Appeals permitted to make "public policy" determinations on behalf of the State.).