TEXAS BOARD OF PARDONS AND PA-
ROLES, Jack Kyle, Irma Cauley, Ken-
neth Coleman, Bennie Elmore, John Es-
cobedo, Albert Sanchez, Mae Jackson,
Terrie Schnorrenberg, Winona Miles,
Daniel Downs, Paul Prejean, Mary Leal,
Henry Keene, Iris Lawrence, Troy Fox,
Hub Dechtol, Gilbert Rodriguez, The
Texas Department of Criminal Justice
and James Lynaugh, Appellants,

v.

Gary GRAHAM, Appellee.

No. 3–93–421–CV.

Court of Appeals of Texas,
Austin.

June 22, 1994.

Dan Morales, Atty. Gen., Margaret Port-
man Griffey, Asst. Atty. Gen., Austin, for
appellant.

James C. Harrington, Texas Civ. Rights
Project, Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

PER CURIAM.

Appellee Gary Graham was convicted of
capital murder in the district court of Harris
County.[1]  Graham filed an action for declara-

---

1.  The judgment of conviction was affirmed on
direct appeal.  *Graham v. State*, 671 S.W.2d 529
(Tex.Crim.App.1984) (opinion not designated for
publication).  Graham's collateral attacks on the
judgment of conviction in state and federal court
have been unsuccessful.  *See Ex parte Graham*,
853 S.W.2d 564 (Tex.Crim.App.1993); *Ex parte*

*Graham*, 853 S.W.2d 565 (Tex.Crim.App.1993);
*Graham v. Lynaugh*, 854 F.2d 715 (5th Cir.1988),
*vacated*, 492 U.S. 915, 109 S.Ct. 3237, 106
L.Ed.2d 585 (1989), *on remand sub nom. Graham
v. Collins*, 896 F.2d 893 (5th Cir.1990), 950 F.2d
1009 (5th Cir.1992) (en banc), *aff'd*, 506 U.S.
——, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993).

tory and injunctive relief against appellants, the Texas Board of Pardons and Paroles, Jack Kyle, Irma Cauley, Kenneth Coleman, Bennie Elmore, John Escobedo, Albert Sanchez, Mae Jackson, Terrie Schnorrenberg, Winona Miles, Daniel Downs, Paul Prejean, Mary Leal, Henry Keene, Iris Lawrence, Troy Fox, Hub Dechtol [sic], Gilbert Rodriguez, the Texas Department of Criminal Justice, and James Lynaugh [hereinafter "Board"] in the district court of Travis County. Graham alleges that, under due course of law, he is entitled to a "full and fair administrative hearing" before the Board on his postconviction claim of innocence. *See* Tex. Const. art. I, §§ 13, 19. Graham requested a declaration that he is entitled to the hearing, with procedures outlined in his petition; a temporary and permanent injunction preventing his execution;[2] and the issuance of a writ of mandamus directing the Board to hold the hearing. Graham filed a separate motion seeking temporary injunctive relief. *See* Tex.Civ.Prac. & Rem.Code Ann. § 65.011 (West 1986 & Supp.1994).

After a hearing, the district court rendered a temporary injunction ordering the Board to grant Graham a hearing "consistent with Article I, sections 13 and 19 and Article IV, section 11 of the Texas Constitution" by August 10, 1993, or to reschedule his execution until the Board holds such a hearing or the district court renders final judgment in the cause. The order effectively enjoins the Board from proceeding with Graham's execution until the district court rules on the merits of Graham's claims. The Board appealed the order to this Court. *See* Tex.Civ.Prac. & Rem.Code Ann. § 51.014(4) (West Supp. 1994).

■ When the Board filed its notice of appeal, it superseded the district court's order of injunction. *Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 485 (Tex.1964); *State v. Schless*, 815 S.W.2d 373, 375 (Tex. App.—Austin 1991, orig. proceeding); *see*

Tex.Civ.Prac. & Rem.Code Ann. § 6.001 (West 1986 & Supp.1994); Tex.R.App.P. 43(a). On Graham's motion, this Court rendered an order of temporary injunction, accelerated the appeal, and issued a writ of injunction to preserve this Court's jurisdiction over the appeal. *Texas Bd. of Pardons & Paroles v. Graham*, No. 3–93–421–CV (Tex.App.—Austin Aug. 13, 1993, no writ) (not designated for publication); *see* Tex. R.App.P. 43(c); *Lamar Builders, Inc. v. Guardian Sav. & Loan Ass'n*, 786 S.W.2d 789, 790 (Tex.App.—Houston [1st Dist.] 1990, no writ); *see also* Tex.Gov't Code Ann. § 22.-221(a) (West 1988); *Mote Resources, Inc. v. Railroad Comm'n*, 618 S.W.2d 877, 878–79 (Tex.App.—Austin 1981, orig. proceeding). By this order, we temporarily enjoined appellants from proceeding with Graham's execution until we addressed the Board's appeal from the district court's order. On the petitions of the Board and the District Attorney of Harris County, the Court of Criminal Appeals conditionally granted a writ of mandamus instructing this Court to withdraw its writ of injunction. *State ex rel. Holmes v. Court of Appeals for the Third District*, Nos. 71,764 & 71,765, 1994 WL 135476 (Tex.Crim. App. Apr. 20, 1994). As instructed by the Court of Criminal Appeals, this Court withdraws its order and writ of injunction in a separate order rendered today.

The Court of Criminal Appeals stated that its opinion "does *not* preclude respondent from addressing the issues raised by the Board in appealing the order compelling a hearing on Graham's request for clemency." *Holmes*, at 12, n. 11.[3] We now turn to the Board's three points of error.

■ The Board first asserts that the district court did not have jurisdiction to enjoin Graham's execution. As a general rule, a district court has jurisdiction to provide ancillary relief pending final disposition

---

**2.** The district court of Harris County set Graham's execution date for August 17, 1993.

**3.** In order to protect its jurisdiction to consider the Board's petition for writ of mandamus, the Court of Criminal Appeals directed that all proceedings in this cause be stayed pending further orders from that court. The Court of Criminal

Appeals' consideration of the Board's mandamus application is complete and its opinion is now final. Although the Court of Criminal Appeals has not expressly withdrawn its stay order, we understand the quoted passage to grant this Court permission to consider the Board's appeal.

of a suit. Tex. Const. art. V, § 8; Tex.Civ. Prac. & Rem.Code § 65.011 (West 1986 Supp.1994); *State Bd. of Ins. v. Professional & Business Men's Ins. Co.*, 359 S.W.2d 312, 315 (Tex.App.—Austin 1962, writ ref'd n.r.e.). In *Holmes*, however, the Court of Criminal Appeals declared:

> Any order by another state court which purports to stay a scheduled execution circumvents our decision [affirming a conviction for capital murder] and disobeys our mandate [of affirmance]. Notwithstanding that respondent [Third Court of Appeals] held the injunction was necessary to protect its jurisdiction over the appeal of the Graham's [sic] civil case, respondent may not interfere with our exclusive jurisdiction or disobey our mandate. We hold that respondent had no jurisdiction to enjoin the scheduled execution.

*Holmes*, slip op. at 11–12 (citations omitted). It follows that the district court, like this Court, had no jurisdiction to enjoin Graham's execution. Point of error one is sustained.

 The Board's second point of error asserts that Graham does not have a due course of law right to a clemency hearing before the Board on his claim of new evidence relevant to his guilt or innocence. In point of error three, the Board contends the district court erred in fashioning trial-like procedures for the hearing of Graham's clemency request. To the extent that points of error two and three may be construed as asserting that Graham has not shown a probable right and therefore is not entitled to the temporary injunction, our disposition of point one renders them moot. To the extent that points of error two and three seek to argue the merits of the underlying suit, we decline to consider them. Appellate review of an order granting a temporary injunction is strictly limited to a determination of whether the trial court has clearly abused its discretion in granting the injunction. The merits of the underlying lawsuit are not presented for review. *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex.1978); *Omniphone, Inc. v.*

*Southwestern Bell Tel. Co.*, 742 S.W.2d 523, 525 (Tex.App.—Austin 1987, no writ). Appellate consideration of the merits of the underlying lawsuit in an appeal of a temporary injunction order is erroneous. *Davis*, 571 S.W.2d at 862; *Hertz Corp. v. State Dept. of Highways & Pub. Transp.*, 728 S.W.2d 917, 919 (Tex.App.—Austin 1987, no writ).

The district court's order of temporary injunction is dissolved.[4]

---

4. In *Holmes*, the Court of Criminal Appeals stated that its opinion does not "preclude Graham from continuing to seek civil review of the clemency process." *Holmes*, slip op. at 12, n. 11.