# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00510-CV

**Robert S. Bell, M.D., Appellant**

**v.**

**Texas Workers Compensation Commission and Richard F. Reynolds in his official capacity as Executive Director of Texas Workers Compensation Commission, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. GN-201971, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

### O P I N I O N

This is an interlocutory appeal from a denial of a temporary injunction.[1] Some eighty-five percent of Robert S. Bell, M.D.=s orthopedic surgery practice involves workers compensation patients. Dr. Bell sued the Texas Workers Compensation Commission (ACommission@) because it removed him from its list of approved doctors when his license to practice medicine was revoked as a result of a felony conviction. Removal from the list means Dr. Bell cannot treat patients covered by workers compensation insurance. Dr. Bell and another similarly situated physician[2] brought suit against the Commission asserting

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(4) (West 1997).

[2] Booker T. Rogers, Jr., M.D. is an anesthesiologist who was also deleted from the list of approved doctors because his medical license was suspended. He pleaded *nolo contendere* to charges of child pornography and admitted to drug abuse. He received deferred adjudication for the criminal charges

that their rights to due process of law under the United States and Texas Constitutions were violated when they were deleted from the list of approved doctors without an administrative hearing.  After obtaining a temporary restraining order, the doctors sought a temporary injunction prohibiting the Commission from removing them from the approved list while this suit for declaratory relief is pending.  Their application was denied, and Dr. Bell alone appeals.  We will affirm the trial court=s denial of a temporary injunction.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 18, 1999, Dr. Bell pleaded *nolo contendere* to a third-degree felony of deadly conduct.  The conviction arose from Dr. Bell driving by his former business partner=s home and firing several rounds from his 9-mm semi-automatic pistol into the home while the former business partner=s family was present.  Dr. Bell also admitted to four other drive-by shootings.  Punishment was assessed at one hundred twenty days in jail and eight years of maximum-supervision probation, with conditions that he perform six hundred hours of community service, pay a five thousand dollar fine and restitution, and undergo psychiatric counseling for three years.

---

and his license suspension was probated for five years by the State Board of Medical Examiners. Dr. Rogers did not appeal the trial court=s denial of his request for a temporary injunction.

2

On August 26, 2000, the State Board of Medical Examiners and Dr. Bell entered into an agreed order that found Dr. Bell guilty of unprofessional or dishonorable conduct likely to deceive, defraud, or injure the public, specifically the felony offense of deadly conduct.[3] Dr. Bell=s license to practice medicine was suspended, but the suspension was stayed and he was placed on probation for five years.

On May 6, 2002, the Commission sent Dr. Bell written notice that he was to be removed from the list of approved doctors pursuant to the workers compensation act. Section 408.0231(a)(3) of the act requires the Commission to delete from its list any doctor Awhose license to practice in this state is revoked, suspended, or not renewed by the appropriate licensing authority.@ Tex. Lab. Code Ann. ' 408.0231(a)(3) (West Supp. 2003). The Commission=s administrative rule 180.26(b)(4) requires deletion for Asuspensions or revocations that are stayed, deferred, or probated and voluntary relinquishment of the license to practice.@ 28 Tex. Admin. Code ' 180.26(b)(4) (2002).

Dr. Bell responded to the notice by objecting to his deletion from the approved list and requesting a Aprogressive disciplinary agreement.@ Dr. Bell described himself as a Asanctionee.@ On May 23, 2002, Dr. Bell requested an administrative hearing. On May 30, the Commission advised Dr. Bell that he was not entitled to an administrative hearing under the workers compensation act or the Commission=s rules. The letter also advised Dr. Bell that he could apply for reinstatement to the list if Ahe had all appropriate unrestricted licenses/certifications, [and] had overcome the conditions which resulted in the deletion.@

---

[3] *See* Medical Practices Act, Tex. Occ. Code Ann. ' 164.052(a)(5) (West 2003).

Dr. Bell contends that the trial court abused its discretion by denying the temporary injunction because the evidence shows his probable right to recovery and the irreparable harm he will sustain if it is not granted. He argues that his right to treat injured workers in the workers compensation system is a constitutionally-protected property right that he has been deprived of without due process. He argues that (1) section 408.0231 of the workers compensation act contains an implied right to an administrative hearing; and (2) the Commission is not relieved of its obligation to conduct a hearing merely because he had a right to a hearing prior to the Board of Medical Examiners suspending his license.

## DISCUSSION

### Standard of Review

The purpose of a temporary injunction is to preserve the status quo pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). It is an extraordinary remedy that is not issued as a matter of right, but is committed to the broad discretion of the trial court. *Id.*; *see also State v. Ruiz Wholesale Co.*, 901 S.W.2d 772, 777 (Tex. App.C Austin 1995, no writ). An applicant for

a temporary injunction must show: (1) a cause of action; (2) a probable right to the relief requested;[4] and (3)

imminent, irreparable harm in the interim.[5]  *Butnaru*, 84 S.W.3d at 204.

---

[4]  An applicant for a temporary injunction need not prove that he or she will prevail at trial; rather the burden is to show a probable right to recovery following a trial on the merits.  *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993);  *Universal Health Servs. v. Thompson*, 24 S.W.3d 570, 576 (Tex. App.CAustin 2000, no pet.).

[5]  An irreparable injury is one that Acannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard.@ *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

We review the denial of a temporary injunction by asking whether the trial court clearly abused its discretion. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993); *Davis v. Huey*, 571 S.W.2d 859, 861-62 (Tex. 1978). We are not to examine the merits of the pending lawsuit, *Universal Health Servs. v. Thompson*, 24 S.W.3d 570, 576 (Tex. App.CAustin 2000, no pet.); *Board of Pardons & Paroles v. Graham*, 878 S.W.2d 684, 686 (Tex. App.CAustin 1994, no writ); rather our task is to determine whether the court=s ruling was so arbitrary that it exceeded the bounds of reasonable discretion. *Thompson*, 24 S.W.3d at 576; *LeFauchuer v. Williams*, 807 S.W.2d 20, 22 (Tex. App.CAustin 1991, no writ). We review the evidence in the light most favorable to the trial court=s order and will not reverse if the record contains evidence that reasonably supports the trial court=s decision. *Thompson*, 24 S.W.3d at 576.

**Mandatory Removal of Doctor**

The Commission maintains a list of licensed doctors who are approved to provide health care services to injured workers covered by workers compensation insurance. Tex. Lab. Code Ann. ' 408.023(a) (West Supp. 2003). In recent years, the legislature has greatly expanded the Commission=s obligations to address the quality of care provided by doctors participating in the workers compensation system. In 2001, it added a directive that the executive director Ashall delete from the list of approved doctors a doctor . . . whose license to practice in this state is revoked, suspended, or not renewed by the appropriate licensing authority.@ *Id.* ' 408.0231(a)(3). Furthermore, the legislature authorized the

Commission to establish rules setting forth criteria for Adeleting or suspending a doctor from the list of approved doctors.@ *Id.* ' 408.0231(b)(1).

Administrative rule 180.27(f) prescribes the process the Commission must follow to delete a doctor=s name from the approved list.[6] The doctor is notified of the impending deletion and the grounds

---

[6] Subsection 180.27(f) provides in full:

(f) Notwithstanding any other provision of this section, deletion from the Approved Doctor List by the Executive Director pursuant to ' 180.26(b) shall be governed by this subsection.

(1) Prior to deletion, the Executive Director or designee shall notify a doctor of the intention to delete the doctor and the grounds for that action.

(2) Within 14 days after receiving the notice of intent, a doctor may file a response to the reasons given as grounds for the deletion with the Executive Director or designee.

(A) If a response is not received by the 15th day after the date the doctor received the notice of intent, the doctor is deleted and no subsequent notice will be sent.

(B) If the response is agreement, the doctor will be deleted effective on the earlier of the date the doctor agrees to the deletion or the 15th day after the date the doctor received the notice of intent and no subsequent notice will be sent.

(C) If a response which disagrees with the grounds for deletion is timely received and after reviewing the response, the Executive Director or designee determines:

7

for that action, and is given fourteen days to contest the validity of those grounds. This procedure provides notice and an opportunity to be heard, but limits the scrutiny to an objective determination about whether the mandatory grounds for deletion exist.

It is conclusively established in this record that Dr. Bell (1) was removed from the approved list of doctors under rule 180.26(b); (2) received notice of the Commission=s intent to remove him and its asserted grounds; and (3) responded in writing and requested a hearing, but did not contest the existence of the grounds for mandatory removal.

**Implied Right to a Hearing**

Dr. Bell raises only procedural due process claims on appeal, arguing that the Commission violated his constitutional right to due process and due course of law[7] by removing him from the list of

---

    (i)   that the grounds do not exist for deletion under ' 180.26(b), the doctor shall be notified that he was not deleted under ' 180.26(b); or

    (ii)   that the grounds for deletion do exist, the doctor shall be notified of the deletion and the notice shall identify the effective date of the deletion.

    (3)   All notices under this subsection shall be delivered by verifiable means.

28 Tex. Admin. Code ' 180.27(f) (2002).

[7] It is well settled that although the due process clause of the Fourteenth Amendment and the due course of law provision of the Texas Constitution differ in their language, the differences Aare without meaningful distinction.@ *University of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) (quoting *Mellinger v. City of Houston*, 3 S.W. 249, 252-53 (Tex. 1887)). In matters of procedural due process, Texas courts traditionally follow federal due process interpretations and consider federal decisions on these matters persuasive authority. *Id.* at 929; *Limon v. State*, 947 S.W.2d 620, 626 n.6 (Tex. App.CAustin 1997, no pet.).

approved doctors without affording him a meaningful opportunity to contest the Commission=s action.  The only question before us in this interlocutory appeal is whether the trial court clearly abused its discretion in denying the temporary injunction.  After evaluating Dr. Bell=s probable right to recovery on his claim that the act implies a full administrative hearing before he can be removed from the list, we hold that the trial court was within its discretion in denying the temporary injunction.

Questions of procedural due process require an analysis of (1) whether the plaintiff has a constitutionally protected property or liberty interest at stake, and (2) if so, what process is due to sufficiently protect that interest.  *See Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 569-70 (1972).  At a minimum, due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner.  *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976); *Perry v. Del Rio*, 67 S.W.3d 85, 92 (Tex. 2001); *University of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995).

Exactly what process is due in a given situation is measured by a flexible standard that depends on the practical requirements of the circumstances.  *Matthews*, 424 U.S. at 334; *Than*, 901 S.W.2d at 930.  The flexible standard balances three factors: (1) the private interest affected by the state action; (2) the risk of erroneous deprivation of a constitutionally protected interest under the procedures used and the likely benefit of any additional procedures; and (3) the government=s interest, including the fiscal and administrative burdens that additional procedural requirements would entail.  *Matthews*, 424 U.S. at 335; *Than*, 901 S.W.2d at 930.

We address the first factor by noting that the constitutional right asserted by Dr. Bell is the right to treat injured workers covered by workers compensation insurance, not the right to practice

medicine. Without deciding whether there is a constitutionally protected interest in the right he asserts, we distinguish his claimed right from the established right to due process before removal of a professional license. *Cf. Francisco v. Board of Dental Exam=rs*, 149 S.W.2d 619, 622 (Tex. Civ. App.CAustin 1941, writ ref=d); *Waller v. State*, 68 S.W.2d 601, 605 (Tex. Civ. App.CAmarillo 1934, writ ref=d). We address the third factor by noting that the state has a considerable interest in regulating the quality of medical care offered to injured workers in the highly regulated workers compensation system. To this end, the legislature had delegated to the Commission the duty to scrutinize its list of approved doctors and to remove, without further consideration, any doctor whose license has been suspended. Tex. Lab. Code Ann. ' 408.0231(a)(3), (b). We will now address the likely benefit of the additional administrative hearing Dr. Bell believes is implied by section 408.0231(a)(3).

Pursuant to rule 180.27(f)(2), Dr. Bell received notice of the Commission=s intent to delete him from its approved list and the grounds for removal. The rule provides a fourteen-day period in which a doctor may contest removal; however, the contest is limited to whether grounds exist for mandatory deletion under rule 180.26(b). In Dr. Bell=s case, his contest could only address whether his license had been revoked by the Medical Board. A license revocation triggers automatic removal of a doctor from the approved list. *See* 28 Tex. Admin. Code ' 180.27(f)(2)(C)(i). A doctor=s license has either been revoked or it has not. Dr. Bell did not contest the grounds for mandatory deletion. Instead, he wanted a hearing to protest the mandatory nature of the removal and to negotiate instead a Aprogressive disciplinary agreement.@ Dr. Bell argues that the supreme court=s opinion in *Industrial Accident Board v. O=Dowd*, 303 S.W.2d 763, 767 (Tex. 1957) compels this Court to interpret section 408.0231(a)(3) as implying his right to such a

**10**

hearing. His request for a hearing and his suggestion that a hearing is implied ignores the mandate imposed by the statutory language: the executive director *shall* delete from the list of approved doctors a doctor whose license has been suspended or revoked. Tex. Lab. Code Ann. ' 408.0231(a)(3).

In *O=Dowd*, two attorneys were alleged to have engaged in unethical and fraudulent conduct in connection with their handling of workers compensation cases before the Industrial Accident Board (AIAB@).[8] The relevant statute provided for a three-year suspension of anyone found guilty of unethical or fraudulent conduct in matters within the IAB=s purview. The IAB had the discretion to determine if there had been such conduct. The statute was silent about whether the attorneys were to receive notice and a hearing before they were suspended for three years.[9] Nevertheless, the IAB provided the two attorneys with notice and a full administrative hearing before finding them guilty of unethical and fraudulent conduct and barring them from practice. The attorneys challenged the constitutionality of the statute because it did not *expressly* provide for prior notice and a hearing, even though they were accorded both.

---

[8] The Industrial Accident Board was the administrative predecessor of the current Texas Workers Compensation Commission.

[9] Today, section 408.0231(b) of the workers compensation act delegates to the Commission the task of Aestablish[ing] criteria@ for deleting or suspending doctors from the approved list. Tex. Lab. Code Ann. ' 408.0231(b)(1) (West Supp. 2003).

In light of its duty to construe statutes in harmony with constitutional requirements if possible, the court determined that the statute provided for notice and a hearing *by implication*, as the IAB had interpreted. *Id.* at 765-67. The nature of the "adjudication" in *O=Dowd* was entirely different than that required of the Commission by section 408.0231 or rule 180.27(f) in this appeal. The IAB in *O=Dowd* investigated and adjudicated allegations of fraudulent conduct by the two attorneys involved. The statute afforded the IAB discretion to remove the attorneys after adjudicating the allegations against them. *O=Dowd* stands only for the proposition that if a statute does not expressly rule out a hearing, it is error to hold that statute invalid when the agency has implied into the statute the requirement of notice and a hearing

By contrast, section 408.0231(a)(3) mandates a doctor=s removal from the approved list upon certain objective grounds and authorizes the Commission to promulgate rules governing such removals. The Commission=s rules provide for notice and the right to contest the validity of the grounds for removal. Nothing in the statute affords any discretion to the executive director about removing a doctor whose license has been suspended.

The Board of Medical Examiners either revoked Dr. Bell=s license to practice medicine or it did not. That is the only fact to be determined before Dr. Bell must be removed under section 408.0231(a)(3) and rule 180.26(b).

Due process does not require the holding of a useless hearing when there are no factual disputes to resolve. *See Gilbert v. Homar*, 520 U.S. 924, 933 (1997) ("[T]here is no need for any presuspension process since there would be nothing to consider at the hearing except the independently verifiable fact of whether an employee had indeed been formally charged with a felony.@); *Limon v. State*,

**12**

947 S.W.2d 620, 627 (Tex. App.CAustin 1997, no pet.) (AWe note that a hearing on an applicant=s failure to post a bond would seem to us to be meaningless; a bond is either posted or it is not.@).[10]

Due process requires only a procedure that assures Dr. Bell that the Commission=s action is not baseless or unwarranted. The Board of Medical Examiners afforded Dr. Bell the process he was due before his license was suspended. The procedure he was accorded before the Commission was sufficient to allow him to contest the objective criteria for his deletion from the approved list. His removal was neither baseless nor unwarranted. Implying a right to a full-blown hearing would not be of benefit considering the mandatory nature of the statute=s directive to remove from the approved list a doctor whose license has been suspended.

We hold that Dr. Bell has not established a probable right to recovery sufficient to show that the trial court abused its discretion by denying his request for a temporary injunction.

## CONCLUSION

For the reasons set forth, we affirm the denial of the temporary injunction.

---

[10] *See also City of Alamo v. Garcia*, 960 S.W.2d 221, 226 n.1 (Tex. App.CCorpus Christi 1997, no pet.) (holding that under automatic forfeiture provision, only occurrence of disqualifying event itself, not reasons therefor, are relevant to whether forfeiture provision applied); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (AThere was simply no factual dispute that a pre-deprivation notice or hearing could have addressed.@).

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   March 20, 2003

**14**